COY, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, SECCION PRIMERA, RECURRIDO.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, sección 1ª., denegando en parte la inscripción de una escritura de venta de condominio.

No. 209.—Resuelto en mayo 6, 1915.

INSCRIPCIÓN DE TÍTULOS—ESCRITURA DE VENTA OTORGADA POR HEREDEROS EN REPRESENTACIÓN DE SU CAUSANTE—INSCRIPCIÓN PREVIA A FAVOR DE LOS

HEREDEROS.—Cuando los herederos de una persona ejecutan la obligación de su causante que quedó incumplida, ya procediendo voluntariamente o porque fueran apremiados para ello, otorgando escritura de venta como prueba formal del verdadero traspaso del dominio que ya se había hecho, y para que el comprador pudiera inscribir su título, no se necesita la inscripción previa a nombre de los otorgantes, por aparecer inscrito a favor de la persona en cuyo nombre y representación se hace la trasmisión.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. José E. Benedicto*.

El registrador recurrido, Sr. José S. Belaval, compareció en nombre propio.

, EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Aparece de las cláusulas contenidas en una escritura de venta de condominios, de fecha 15 de septiembre, 1913, que cinco hermanas y un hermano, Salvadora Dámasa, Inés Teresa, Gregoria de la Concepción, María del Carmen Magdalena, Margarita Elisa Coy y Tizol y Luis Coy y Tizol, heredaron cada uno de su madre una participación de una sexta parte de dos quintas partes de cierta casa, perteneciendo el título de las otras tres quintas partes al séptimo condueño Rafael Tizol Romero, estando inscrito el título de cada uno de estos condominios; que por escritura de fecha noviembre 30, 1892, Rafael Tizol Romero y Luis Coy y Tizol vendieron a María del Carmen Magdalena, el primero, su condominio por tres quintas partes, y el segundo, el suyo por una sexta parte en dos quintas partes, traspaso que fué debidamente inscrito; que unos diez y seis años antes de la fecha citada en primer término Salvadora Dámasa, Inés Teresa, Gregoria de la Concepción y Margarita Elisa, vendieron asimismo sus respectivas participaciones a Magdalena Coy y Tizol, pero no otorgaron documento alguno inscribible; que en octubre 27, 1906, falleció Margarita Elisa sin dejar ascendientes ni descendientes, siendo sus únicos y universales herederos las hermanas y hermanos sobrevivientes.

En estas condiciones Salvadora Dámasa, Inés Teresa y Gregoria de la Concepción por virtud del documento a que

se ha hecho referencia primeramente ''reconocen haber vendido'' y ''venden, renuncian y traspasan'' a favor de María del Carmen Magdalena, sus participaciones por tres sextas partes en dos quintas partes de la finca que se describe en dicho documento con todos sus usos y servidumbres, etc., obligándose a la evicción y saneamiento que proceda.    En el mismo documento y en unión de Luis Coy y Tizol las referidas vendedoras ''en su carácter de herederas de su finada hermana Margarita Elisa Coy y Tizol, hicieron constar en la más solemne forma que ésta última vendió igualmente a María del Carmen Magdalena su condominio por una sexta parte en dos quintas partes de la finca descrita por precio de cien *pesos,* que dicha hermana recibió de la compradora a toda su satisfacción; por lo que como herederos de dicha hermana fallecida, declaran y reconocen que María del Carmen Magdalena es la única y legítima dueña de la referida participación.''

La inscripción de esta escritura fué denegada en cuanto a la sexta parte de dos quintas partes que se reconoció que habían sido vendidas por Margarita Elisa Coy y Tizol diez y seis años antes del otorgamiento de la misma ''por no haberse solicitado, como procede, la inscripción previa de aquella participación a favor de los herederos de la causante.''

El registrador se funda principalmente en la resolución de la Dirección General de los Registros de España, dictada en noviembre 3, 1879, la cual, según los datos que de ella tenemos nunca ha sido sostenida por ninguna otra en que se considere la misma cuestión, y ha sido severamente criticada por los Señores Galindo y Escosura que son de distinta opinión.    Véase el párrafo 10 de los comentarios al artículo 20 de la Ley Hipotecaria, 2 Legislación Hipotecaria (1903), páginas 180–185.

Resulta claramente que a la muerte de Margarita Elisa Coy y Tizol nada heredaron los hermanos sobrevivientes con relación a la casa de que se trata.    Nada tenían que inscribir ni nada podían traspasar.    Ellos pudieron, desde luego,

ejecutar la obligación de su hermana fallecida que quedó in-cumplida, de otorgar escritura de venta como prueba for-mal del verdadero traspaso del dominio que ya se había hecho, para que el comprador pudiera inscribir su título y caso de negarse sin duda que podía obligársele a ello; pero en ese caso, ya procediendo voluntariamente o porque fueran apre-miados actuarían ellos como representantes, a nombre y en representación de la hermana fallecida y no por su propio derecho como dueño por herencia de la participación en cues-tión.    Por tanto, el cumplimiento del requisito que sugiere la nota del registrador envolvería una alteración de la ver-dad de los hechos en la inscripción.    Ciertamente que la ley no tiene por objeto, ni es su intención, sancionar semejante práctica.

La nota recurrida no se sostiene por la razón en que se funda y debe revocarse.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-ciados Wolf, del Toro y Aldrey.