ORTIZ, RECURRENTE, *v.* EL REGISTRADOR DE SAN GERMÁN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador interino de la Propiedad de San Germán denegando la inscripción de una escritura de ratificación de venta de terrenos.

No. 262.—Resuelto en abril 14, 1916.

INSCRIPCIÓN DE TÍTULOS—VENTA POR HEREDEROS EN REPRESENTACIÓN DEL CAUSANTE—INSCRIPCIÓN PREVIA A FAVOR DE LOS HEREDEROS.—Cuando los herederos de una persona ejecutan una obligación de su causante que quedó incumplida, ya procediendo voluntariamente o ya apremiados para ello, y al efecto otorgan una escritura de venta como prueba formal de un verdadero contrato llevado a efecto en vida por el causante; para que el comprador pueda inscribir su título en el registro, no se necesita la inscripción previa a nombre de los herederos otorgantes, por aparecer inscrito el dominio de la cosa trasmitida a favor de la persona en cuyo nombre y representación se hace la trasmisión.

ESTADO CIVIL—NOMBRE DEL CÓNYUGE—DEFECTO SUBSANABLE—FALTA SUBSANABLE—CORRECCIÓN DE DEFECTOS—ACTA MATRIMONIAL.—Cuando del registro no aparece claramente el nombre de la esposa del vendedor al tiempo de adquisición de la finca vendida, constituye ésto una falta subsanable que puede ser corregida mediante la presentación en el registro por la parte interesada de copia certificada de la correspondiente acta matrimonial.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Benito Forés.*

El registrador interino recurrido, Sr. Francisco Socorro, compareció en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El 26 de diciembre de 1915 comparecieron ante el notario público Benito Forés de una parte José Ortiz Lugo y sus hijos María Isabel, María Cleofe, Luisa Josefa, Catalina, Candelaria Beatriz, María Teresa, Braulio y Adolfo Ortiz y Toro, y de otra Juan Ortiz y Toro, y otorgaron la escritura número 130 de la cual resulta que siendo dueños el compareciente José Ortiz Lugo y su esposa Adela Toro de cierta

finca rústica, la vendieron al otro compareciente Juan Ortiz Toro por la suma de $300 que los vendedores recibieron del comprador, entrando éste en posesión de la finca; que Adela Toro murió antes de que se otorgara la correspondiente escritura pública haciendo constar el contrato de que se ha hecho mérito, y que reconociendo la certeza de lo acaecido, el dicho José Ortiz Lugo y todos los herederos de Adela Toro se avinieron a declararlo en forma solemne y a ratificar como ratificaron en todas sus partes el contrato previamente celebrado.

La escritura se presentó en el registro acompañada de la declaratoria de herederos de Adela Toro hecha por la corte de distrito competente, y el registrador se negó a inscribirla por medio de la siguiente nota contra la cual se ha interpuesto el presente recurso gubernativo. La nota dice así:

"No admitida la inscripción del precedente documento, de acuerdo con lo dispuesto en el artículo 20 de la Ley Hipotecaria, por el defecto insubsanable de no tratarse de herencia yacente y aparecer la finca, objeto de la inscripción que se pretende, inscrita a nombre de José Ortiz y Lugo, de estado casado, sin que se exprese el nombre de la esposa, y no solicitarse la previa inscripción a favor de los herederos de Adela Toro; tomándose en su lugar la anotación por ciento veinte días que determina la ley, al folio 17 del tomo 8º. del municipio de Lajas, finca número 410, anotación A. San Germán, enero 12 de 1916."

1. La cuestión relativa a la previa inscripción a favor de los herederos, ha sido terminantemente resuelta por esta Corte Suprema en el caso de *Coy* v. *El Registrador de San Juan,* 22 D. P. R. 432, en contra del criterio sustentado por el registrador. La jurisprudencia establecida en dicho caso, en el cual se analizó la resolución de la Dirección General de los Registros de España de 3 de noviembre de 1879, es como sigue:

"Cuando los herederos de una persona ejecutan la obligación de su causante, que quedó incumplida, ya procediendo voluntariamente o porque fueran apremiados para ello, otorgando escritura de venta como prueba formal del verdadero traspaso del dominio que ya se

había hecho, y para que el comprador pudiera inscribir su título, no se necesita la inscripción previa a nombre de los otorgantes, por aparecer inscrito a favor de la persona en cuyo nombre y representación se hace la trasmisión.''     *Coy* v. *El Registrador de San Juan,* 22 D. P. R. 433.

2. El otro defecto apuntado por el registrador existe. Sin embargo, a nuestro juicio, sólo constituye una falta subsanable.

De todo el contenido de la escritura se deduce que la finca de que se trata fué adquirida por José Ortiz Lugo estando casado con Adela Toro, pero a fin de que ese hecho quede acreditado en forma tal que no deje lugar a dudas de ningún género, la parte interesada deberá presentar en el registro copia certificada del acta matrimonial de los dichos José Ortiz y Adela Toro.

Por virtud de todo lo expuesto, opinamos que debe declararse con lugar el recurso y en su consecuencia revocarse la nota recurrida, ordenándose al registrador que verifique la inscripción solicitada con el defecto subsanable de no aparecer claramente del registro el nombre de la esposa del vendedor José Ortiz Lugo al tiempo de la adquisición de la finca vendida.

*Revocada la nota recurrida con defecto subsanable.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.