Banco Comercial de Puerto Rico, Recurrente, *v.* El Registrador de San Juan, Sección Primera, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la anotación preventiva de un embargo.

No. 309.—Resuelto en enero 19, 1917.

Anotación Preventiva de Embargo — Embargo — Inscripción a nombre del Causante—Falta de Presentación de Documentos—Defecto Subsanable.—El hecho de que los bienes inmuebles embargados se hallen inscritos a nombre del causante y no de su sucesión demandada, no es obstáculo para que se anote preventivamente el embargo de acuerdo con la Regla 4ª. del art. 126 del Reglamento Hipotecario, no produciendo otro efecto la falta de presentación en el registro de los documentos en ella mencionados que la consignación de un defecto que puede subsanarse, y sin que sea aplicable al caso la Regla 1ª. del artículo 92 de dicho Reglamento.

Id.—Defecto Subsanable—Obligaciones Solidarias—Facultades del Registrador.—En este recurso el registrador señaló como defecto subsanable que siendo dos los demandados, se embargan las fincas como pertenecientes a uno de ellos, sin que resulte que la deuda sea solidaria. *Se resolvió:* que

esto no tenía que consignarse en el mandamiento que se le presentó, pues habiendo resuelto el juez que se .embargasen bienes de cualquiera de los demandados debió someterse a su decisión, ya que no está facultado para apreciar la justicia o injusticia de las resoluciones judiciales, y además porque ella implica que la obligación es solidaria.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Antonio Sarmiento.*

El registrador recurrido, Sr. José S. Belaval, compareció . en nombre propio.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

En la Sección 1ª. del Registro de la Propiedad de San Juan fué presentado un mandamiento librado por el Márshal de la Corte de Distrito de San Juan  para que se anotase preventivamente el embargo que había trabado en tres casas de Juan Gómez Tudela ampliando orden del Juez de la Sec- ción· 2ª. de dicha corte según la cual debía embargar bienes de cualquiera o de ambos de los demandados para asegurar la efectividad de la sentencia que recayese en el pleito seguido por el Banco Comercial de Puerto Rico contra Juan Gómez Tudela, hoy su sucesión, y José Rodríguez Pérez, en cobro de pesos.

Habiéndose negado el registrador a practicar la anotación que se interesaba, fundado en que las fincas embargadas están inscritas a nombre de Juan Gómez Tudela y no de su sucesión demandada, consignando además el defecto subsanable de que siendo dos los demandados se embargan las fincas como pertenecientes a uno de ellos sin que resulte que la deuda sea solidaria, interpuso el expresado banco el presente recurso gubernativo con súplica de que revoquemos la nota recurrida y ordenemos la anotación de los embargos practicados sin el defecto subsanable alegado por el registrador.

El hecho de que los bienes embargados en este caso no se hallen inscritos a nombre de los herederos no es obstáculo para la anotación del embargo según resolvimos en el

caso de *Alvarez v. El Registrador de San Juan, Sección 1a.*, (pág. 427) sin que la regla 1ª. del artículo 92 del Reglamento para la Ejecución de la Ley Hipotecaria pueda servir de fundamento a la negativa del registrador, según expone en su alegato, pues su disposición de que se denegara la anotación cuando la propiedad de las fincas embargadas apareciere inscrita a favor de persona que no sea aquella contra quien se hubiere decretado el embargo no es aplicable a casos como el presente para los cuales, y para facilitar la más recta administración de la justicia, se dispone por la regla 4ª del artículo 126 de dicho reglamento lo que sigue:

"Art. 126.—Las anotaciones preventivas contendrán, según los casos, las circunstancias siguientes:

    \*       \*       \*       \*       \*       \*       \*

"*Cuarta.* Si se pidiese la anotación habiendo fallecido el poseedor de la finca o derecho sobre que verse, y antes de haberse inscrito a favor de quien le suceda en la misma finca o derecho, se expresará la fecha del fallecimiento, la del testamento, si lo hubiere, el nombre del notario ante quien se haya otorgado y el heredero, y en otro caso, referencia de haberse incoado procedimiento judicial para declarar herederos; y si estuviese hecha la declaración, los nombres, apellido y vecindad de los herederos, y fecha de la ejecutoria en que hubiesen sido declarados tales."

Aunque el registrador fundó su negativa únicamente en el hecho de aparecer inscritos los bienes embargados a nombre de Juan Gómez Tudela y no de su sucesión demandada, expone ahora en su alegato que no habiéndosele presentado los documentos especificados en la regla 4ª. antes transcrita estaba imposibilitado de verificar la anotación.

El derecho a la anotación está reconocido por dicha regla y la falta en este caso de la presentación de los documentos en ella mencionados no produce otro efecto que la consignación en ella de un defecto que puede subsanarse.

En cuanto al defecto subsanable consignado en su nota por el registrador porque se embargaron fincas como pertenecientes a uno de los demandados sin que resulte que la

deuda es solidaria nos bastará decir que esto no tenía que consignarse en el mandamiento que se le presentó pues habiendo resuelto el juez que se embargasen bienes de cualquiera de los demandados debió someterse a su decisión pues no está facultado para apreciar la justicia o injusticia de las resoluciones judiciales y además porque ella implica que la obligación es solidaria.

Por las razones expuestas debe revocarse en todas sus partes la nota recurrida y ordenarse al registrador que verifique la anotación preventiva con el defecto subsanable de no habérsele presentado los documentos a que se refiere la regla 4ª. del artículo 126 del Reglamento de la Ley Hipotecaria.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.