Rodríguez, Recurrente, v. El Registrador de Arecibo,
Recurrido.

No. 597.—*Sometido:* Julio 29, 1924.  *Resuelto:* Diciembre 8, 1924.

Venta Judicial—Inscripción de Venta Judicial—Jurisdicción de la Corte
Sentenciadora.—Para que sea inscribible una venta judicial llevada a efecto
en cumplimiento de sentencia dictada en rebeldía por una corte municipal,
debe constar de la misma escritura o de algún otro modo, la jurisdicción de
la corte sentenciadora.

Id.—Inscripción Previa a Nombre de los Herederos.—Si estando la finca ven-
dida inscrita a nombre del causante la demanda se dirige contra los herederos
en cobro de intereses debidos y no pagados por ellos, a nombre de ellos debe
inscribirse previamente la finca para que pueda inscribirse su transmisión al
acreedor demandante.

Nota de *E. Ginorio*, R. (Arecibo) denegando inscripción de escri-
tura de venta judicial.  *Confirmada.*

J. E. *Díaz*, abogado del recurrente; el registrador no compareció.

El Juez Presidente Señor del Toro, emitió la opinión del
tribunal.

Presentada para su inscripción en el Registro de la Pro-
piedad de Arecibo la escritura de venta judicial otorgada el
5 de marzo de 1924, por Juan Vélez, Márshal de la Corte
Municipal de Ciales, a nombre de la Sucesión de Salvador
González demandada en cierto pleito en cobro de dinero, a
favor de Faustino Rodríguez, el registrador se negó a ello,
1, porque la finca vendida no está inscrita a favor de la de-
mandada; 2, porque no se trata de herencia yacente; 3,
porque los demandados no venden voluntariamente cum-
pliendo una obligación que contrajera su causante, ni justifi-
can su carácter de herederos; 4, porque no se siguió ejecu-
ción hipotecaria; 5, porque la deuda reclamada corresponde
pagarla en parte a los demandados; 6, porque no se ha
probado que la corte municipal que conoció del pleito tu-
viera jurisdicción sobre los demandados, y 7, porque el en-
doso de la orden de ejecución hecho por el Márshal de la
Corte Municipal de Manatí, no dió autoridad al de la de
Ciales.

Leída la escritura otorgada, se observa que sólo contiene

una somera descripción de cierto pleito iniciado en una corte municipal para cobrar ochenta dólares de intereses adeudados con motivo de cierto préstamo hipotecario contraído por el causante de los demandados. Se dice que el pleito se falló en rebeldía. No se transcriben en la escritura ni se acompañan separadamente el emplazamiento y la sentencia.

Se expresa además en la escritura que dictada la sentencia en rebeldía, "fué despachado mandamiento de ejecución de la dicha sentencia, por el Secretario de la Corte Municipal de Manatí, cuyo mandamiento fué endosado al primer compareciente para su cumplimiento por radicar en este término municipal los bienes embargados." Y con ello se pretende que se haga la transferencia en el registro porque se continúa diciendo en la escritura que la finca embargada se vendió en pública subasta y se adjudicó a Faustino Rodríguez.

No consta, pues, de modo fehaciente que la corte adquiriera jurisdicción sobre los demandados, ni puede juzgarse de la eficacia del endoso, induciendo más bien lo que de él se consigna en la escritura a concluir que es nulo si se aplica la jurisprudencia establecida en el caso de *Solá v. Castro*, 32 D.P.R. 804.

Aun cuando la venta fuera legal, siempre se sostendría la negativa porque hallándose la finca inscrita a nombre de Salvador González y habiéndose dirigido el pleito contra los herederos en cobro de intereses debidos y no pagados por dichos herederos, debe inscribirse previamente la finca a su nombre para poder registrar la transferencia a favor de Faustino Rodríguez. Del registro debe constar quiénes son los herederos para que aparezca la trasmisión hecha por las personas con derecho a ello. No se trata de una herencia yacente, ni de una ejecución hipotecaria. Los casos de *Coy v. El Registrador*, 22 D.P.R. 432, y *Ortiz v. El Registrador*, 23 D.P.R. 702, invocados por el recurrente, no son aplicables. Revelan situaciones distintas a las de este caso.

*Debe confirmarse la nota recurrida.*