MAXIMINO ZAYAS VÁZQUEZ y JULIÁN FÉLIX HERNÁNDEZ, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 665.—*Sometido:* Febrero 24, 1927.  *Resuelto:* Mayo 18, 1927.

1. REGISTRADORES—FACULTADES—CALIFICACIÓN DE TÍTULOS—RESOLUCIONES JUDICIALES EN GENERAL.—Dictada sentencia por transacción condenando a unos demandados a ratificar cierta escritura de venta otorgada por el causante de aquéllos, el registrador tiene autoridad para examinar, presentada a inscripción la escritura de ratificación, si la corte tuvo o no jurisdicción para dictarla.

2. VENDEDOR Y COMPRADOR—REQUISITOS Y VALIDEZ DEL CONTRATO—CONTRATO CONSIGNADO EN ESCRITURA PÚBLICA—INSCRIPCIÓN—VENTA OTORGADA POR CAUSANTE RATIFICADA POR SUS HEREDEROS—JUSTIFICACIÓN DEL CARÁCTER DE HEREDEROS.—Tratándose de una obligación contraída por el causante y cumplida por el cónyuge supérstite y el hijo o hijos de aquél a virtud de sentencia en pleito sobre ratificación de cierta venta, es indispensable que tales herederos acrediten su carácter de únicos y universales herederos del causante a los efectos de la inscripción de la escritura de ratificación.

3. VENDEDOR Y COMPRADOR—REQUISITOS Y VALIDEZ DEL CONTRATO—CONTRATO CONSIGNADO EN ESCRITURA PÚBLICA—INSCRIPCIÓN—VENTA DE BIENES ADQUIRIDOS POR HERENCIA—JUSTIFICACIÓN DEL CARÁCTER DE HEREDERO DEL VENDEDOR.—Para inscribir una venta hecha por uno que comparece en la escritura como casado,—siendo viudo—y vende, con otro condominio, uno procedente de su cónyuge como único heredero del mismo, además de la necesidad de acreditar su carácter de heredero del cónyuge se requiere la previa inscripción a su nombre de la parte que procede de él.

NOTA de *R. B. Pérez Mercado,* R. (Guayama), denegando inscripción de una venta de condominios.  *Confirmada.*

*C. Domínguez Rubio,* abogado del recurrente; *El Registrador* recurrido, compareció por escrito.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Carmen Rivera Santiago, Jesús, Juana y Juan Ramón Rolón Santiago inscribieron en el registro, mediante información de dominio, una finca rústica con una cabida de 42 y ¾ cuerdas, que adquirieron en la siguiente forma: 39 y ¾ cuerdas por título de herencia, y las 3 cuerdas restantes a título oneroso. Se expresaba en el expediente que a excepción de Carmen Rivera los demás condueños eran casados, pero no se consignó el nombre de los respectivos consortes. Se aclaró luego que Juan Ramón no era una sola persona, sino dos distintas, y Ramón vendió su participación a Jesús. En junio 30, 1919, Juan, Juana, Jesús Rolón y Carmen Rivera vendieron la totalidad de la finca al recurrente Maximino Zayas Vázquez, y presentada la escritura al registro, el registrador inscribió la quinta parte indivisa correspondiente a la vendedora Carmen Rivera, así como las participaciones que en las 39¾ cuerdas hubieron los demás partícipes por herencia, pero denegó la inscripción en cuanto a los condominios que los demás vendedores tenían en las 3 cuerdas restantes, y además respecto a la quinta parte del total de las 42 y ¾ cuerdas que Jesús compró a Ramón, fundándose para ello el registrador en que tales porciones indivisas siendo adquiridas a título oneroso no concurrieron en la escritura para dar su consentimiento los consortes de los diferentes vendedores.

Esta nota fué consentida y el recurrente entonces acudió a la Corte de Distrito de Guayama con una demanda para que ratificaran la escritura de junio 30, 1919, las siguientes personas: Juan Rolón Santiago y Juan Rolón Marcano, como únicos y universales herederos de Isabel Marcano, esposa y madre, respectivamente, del primero y el segundo; Juana Rolón Santiago, en su carácter de heredera de su esposo Serafín Agosto, quien falleció en abril 7, 1919, y Herminia García, como esposa que fué de Jesús Rolón, también fallecido.

Los demandados se allanaron a la demanda y luego me-

diante estipulación de las partes, la corte inferior, de acuerdo con el artículo 313 del Código de Enjuiciamiento Civil, dictó sentencia condenando a las personas antes nombradas, en el carácter en que fueron demandadas, a ratificar la escritura de venta de junio 30, 1919. Llevada al registro esta escritura junto con la de ratificación que fué otorgada por el márshal en diciembre 2, 1926, el registrador consignó en uno de los documentos, en lo pertinente, la siguiente nota:

". . . DENEGÁNDOSE la inscripción de venta de los condominios de una 1/5 parte cada uno en la porción de tres cuerdas referidas, adquiridos por Juan y Juana Rolón Santiago a título oneroso, por los fundamentos siguientes: Porque se trata según la indicada escritura de ratificación de una sentencia en transacción con estipulaciones propuestas por los demandados y aceptadas por los demandantes que tiene todas las características y peculiaridades de un contrato entre partes, y no se acredita: 1º, que Juan Rolón Santiago y Juan Rolón Marcano sean los únicos y universales herederos de la que se dice fué esposa del primero Isabel Marcano; y 2º, que no se acredita asimismo que Juana Rolón Santiago sea la única y universal heredera del que se dice fué su esposo Serafín Agosto, ni ella ha inscrito la herencia de aquél para poderse inscribir la transferencia del mismo, de acuerdo con el Art. 20 de la Ley Hipotecaria, y tomada en su lugar anotación preventiva por el término legal a favor del comprador Don Maximino Zayas Vázquez de su título de compra, al folio, tomo e inscripción antes citados, con el defecto subsanable de no acreditarse que al tiempo de adquirir los vendedores siendo casados, sus condominios a título oneroso en las expresadas tres cuerdas de la finca descrita que inscribieron por expediente de dominio, fueran Isabel Marcano esposa de Juan Rolón Santiago; Serafín Agosto esposo de Juana Rolón Santiago y Herminia García esposa de Jesús Rolón y Santiago."

De esta nota se ha recurrido ante esta corte.

En la demanda sobre ratificación, entre otros hechos, se alega:

"D.—Que de la citada finca faltan aún por inscribir 1/5 de 39 cuerdas 75, que fué el que adquirió Jesús Rolón Santiago por compra a Ramón en la escritura de que se habla en el apartado A de esta alegación y 4/5 en lo que respecta a la porción de 3 cuerdas

que fueron adquiridas por los hermanos Rolón por título oneroso y no se verificó la inscripción en razón a que en la citada compraventa ante don Luis Muñoz Morales no comparecieron y consintieron en el contrato, doña Herminia García Montalvo, esposa de Jesús Rolón Santiago; doña Juana, aun cuando se dijo que era casada, es lo cierto que era viuda pues su esposo había fallecido en abril 7 de 1919 y la venta se verificó el 30 de junio del propio año, no apareciendo que ella concurriere por su propio derecho y como heredera de su esposo Serafín Agosto, ni Isabel Marcano con quien era casado Juan Rolón, a la fecha de la venta, perteneciendo las referidas 3 cuerdas y el condominio del quinto adquirido por Jesús, por compra a Ramón a la categoría de bienes gananciales.

"E.—Que al celebrar don Maximino Zayas y Vázquez con los miembros de la sucesión de Juan Leocadio Rolón y Vencesla Santiago, la compraventa de la finca arriba descrita, fué entendido que la totalidad de la misma vendida sin reserva, comprendiéndose no sólo lo adquirido por herencia de sus padres si que también lo que dichos miembros habían adquirido a título oneroso o sea la finca de 3 cuerdas de la cual se habla antes al mencionarse el expediente de dominio y el quinto que en esta finca había adquirido el nombrado Jesús, por compra a Ramón y de que se habló antes en el apartado A de esta alegación."

La extensa argumentación y citas de autoridades del recurrente en lo substancial se contrae a sostener que la sentencia dictada por la corte inferior sobre ratificación de venta, en transacción o por consentimiento de las partes, tiene la misma eficacia y valor que si hubiera sido rendida sobre los méritos y que el registrador debió pasar por ella sin discutir sus fundamentos. La síntesis de la teoría del registrador es que la sentencia no puede tener en este caso el alcance y efecto que pretende dársele sin que se acredite independientemente ante el registro el carácter o representación de los demandados, a quienes se les obliga a ratificar los actos de personas, quienes sólo por las propias manifestaciones de las partes se sabe que fueron sus consortes.

[1] Se ha dicho y repetido en constante jurisprudencia de esta corte que si bien los registradores no están facultados para examinar y discutir los fundamentos de las re-

soluciones judiciales ni apreciar la evidencia en que se basan, les es permitido, sin embargo, y ésta es la excepción, inquirir en cuanto a la jurisdicción con que han sido dictadas. Si esto es así, el registrador tenía autoridad para examinar si la corte inferior tuvo jurisdicción para dictar sentencia por transacción entre las partes y condenar a Juan y Juana Rolón Santiago para ratificar la venta en nombre de sus consortes.

[2] Como puede verse de la nota, la negativa del registrador se limita solamente a los dos condominios que sobre las 3 cuerdas transmitieron Juan y Juana al recurrente, siendo aquéllos casados y habiendo adquirido a título oneroso. En ambos casos el registrador tiene razón. Respecto a Juan, el registrador conviene que en él no se requiere la previa inscripción porque se trata de la ratificación por parte de su esposa Isabel Marcano, con quien estaba casado al hacer la venta y no compareció a prestar su consentimiento en la escritura primitiva de venta. Tratándose de una obligación contraída por la causante Isabel Marcano y cumplida por su esposo e hijo ratificando la venta, parece obvio que la previa inscripción que exige en general el artículo 20 de la Ley Hipotecaria, no era necesaria hacerse a nombre de los últimos como herederos de su causante. Pero esto no quiere significar que no sea indispensable justificar el carácter con que fueron demandados Juan Rolón y su hijo como únicos y universales herederos de Isabel Marcano. En los casos que citan los recurrentes de *Coy* v. *Registrador,* 22 D. P.R. 432, y *Ortiz* v. *Registrador,* 23 D.P.R. 702, lo que se resuelve es lo mismo que admite el registrador en sentido de no ser necesaria la inscripción a favor de los herederos, quienes cumplen una obligación del causante; pero en modo alguno se releva a los herederos de acreditar su carácter de tales. El registro es una institución para la protección de terceros y la admisión de las partes en un pleito sobre ratificación de cierta venta, en la forma que aparece de este recurso, podría afectar a personas posiblemente interesadas

en los bienes vendidos, sin que hayan tenido su día en corte. La declaración de herederos en este caso era un trámite necesario y el registrador estuvo en lo cierto exigiendo que se acreditara ante él dicho extremo.

[3] En cuanto a Juana Rolón Santiago, la cuestión va más lejos. Además de la necesidad de acreditar su carácter de heredera de su esposo Serafín Agosto, se requiere la previa inscripción a su nombre de la parte que procede del esposo. Según se alega en la demanda, Serafín Agosto, esposo de Juana Rolón, había fallecido en abril 7, 1919, y la escritura de venta se otorgó en junio 30, 1919, mucho después de su fallecimiento. Juana, no obstante, compareció en la escritura como casada, cuando en realidad era viuda, y vendía no sólo la parte ganancial que le correspondía en el condominio por su propio derecho, sino la otra parte, también ganancial, que procedía de su esposo como única heredera del mismo. No se desprende de la demanda ni de las estipulaciones de las partes el hecho jurisdiccional de que Juana Rolón vendía para cumplir una obligación contraída por su esposo fallecido. Si se hubiera hecho así, estaríamos bajo las mismas circunstancias del caso anterior.

Por todo lo expuesto, *se confirma en todos sus particulares la nota del registrador* de diciembre 20, 1926.