Antonio R. Hernández, en su carácter de Administrador Judicial del Banco Comercial de Puerto Rico, recurrente, v. El Registrador de la Propiedad de San Juan, Sección Primera, recurrido.

No. 881.—*Sometido:* Enero 9, 1933. *Resuelto:* Enero 23, 1933.

*Félix Ochoteco,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El artículo 82 de la Ley Hipotecaria, según fué enmendado en 1923 (Leyes de ese año, pág. 219), provee:

"Las inscripciones hechas para responder de cantidades representadas por títulos al portador o transmisibles por endoso, se cancelarán presentándose la escritura otorgada por los que hayan cobrado los créditos, en la cual debe constar haberse inutilizado en el acto de su otorgamiento, los títulos endosables o al portador. Si todos o algunos de dichos títulos se hubiesen extraviado, sólo podrán cancelarse dichas inscripciones por medio de mandamiento judicial creditivo de haber recaído sentencia firme, obtenida por el procedimiento ordinario del Código de Enjuiciamiento Civil, en que se declare haber quedado extinguidas dichas obligaciones."

Una corte de distrito ordenó al registrador que cancelara en el registro de la propiedad una hipoteca que había sido ejecutada. El registrador se negó a hacerlo debido a que la resolución de la corte no demostraba que el documento negociable garantizado por la hipoteca en cuestión hubiera sido inutilizado conforme exige el artículo 82, *supra*. El significado de ese artículo, según aparece con más claridad en el texto español, es que el mismo documento negociable, si no se hubiese extraviado, debe ser marcado o sellado como cancelado, o inutilizado de algún otro modo visible. Lo que el juez de distrito dijo en su resolución fué sustancialmente que: "Por cuanto" el gravamen hipotecario ha quedado cancelado por ejecución, "Por tanto" el pagaré garantizado por dicho gravamen también ha quedado cancelado y sin valor legal alguno. Esto no significa necesariamente que la cancelación se hubiera hecho constar mediante constancia escrita sobre el mismo pagaré, o que éste hubiera sido anulado o inutilizado de alguna otra forma visible.

Al negarse a obedecer la resolución de la corte, el registrador no trató de calificar ninguna conclusión de aquélla, ni ninguna cuestión de derecho por ella resuelta. La resolución tampoco demostraba que el pagaré se hubiese extraviado o destruído, o que hubiera sido cancelado en la forma

provista por el artículo 82 de la Ley Hipotecaria. Lo que el registrador hizo fué impugnar la autoridad del juez de distrito para ordenar la cancelación tomando los hechos aducidos en la resolución como fundamento de la misma. Si la resolución significaba que el pagaré mismo en realidad había sido "cancelado" o inutilizado en la forma prescrita por el artículo 82 de la Ley Hipotecaria, debió haber contenido una constancia a ese efecto en lenguaje sencillo. El registrador estaba en lo cierto al negarse a asumir que se había cumplido el requisito estatutario.

*Debe confirmarse la nota recurrida.*