FÉLIX MAURO GINORIO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE UTUADO, recurrido.

Núm. 976.—*Sometido:* Junio 22, 1936. *Resuelto:* Julio 16, 1936.

*José·R. Aponte,* abogado ·del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El recurrente inició un procedimiento ejecutivo sumario contra los herederos de Osvaldo Alfonzo Bauzá y de su esposa Inés María Soler. El escrito inicial en el procedimiento ejecutivo designaba específicamente los herederos. La finca fué vendida y adjudicada al aquí recurrente. Al presentarse la escritura de adjudicación al registrador de la propiedad, éste la inscribió con el siguiente defecto subsanable.

''Inscrito el presente documento que es copia de la· escritura número 13 otorgada en Arecibo, el 8 de abril de 1936, ante el notario Aníbal E. Boneta Colón, a los folios 238 vuelto y 247 del tomo 132 de Utuado, fincas números 5997 y 6000, inscripciones cuarta y tercera, con el defecto subsanable de no aparecer del documento, ni acreditarse con certificación alguna sobre declaratoria de herederos,

que Osvaldo, Gabriel, José, Alfonso, Luis, Margarita, Inés María y Celeste Alfonzo Soler, sean los únicos y universales herederos de los causantes Osvaldo Alfonzo Bauzá e Inés María Soler; dichas fincas se hallan afectas a una hipoteca a favor del tenedor de pagaré por la suma de $1,000 cada una, de acuerdo con la Ley núm. 22 de 1923 y de acuerdo también con resolución del Hon. Tribunal Supremo de Puerto Rico, 44 D.P.R. 452.''

██ Es enteramente claro que no se obtuvo una declaración formal de herederos con anterioridad a la institución del procedimiento ejecutivo ni se trató en el mismo de demostrar tal calidad de herederos.

Ahora el apelante aparentemente tiene la teoría de que la mera alegación de herederos en la petición es suficiente, o de lo contrario quizá no entendemos claramente su posición. Desde luego, la alegación en una petición o demanda no es prueba de la misma, a menos que se le admita. El recurrente cita varios casos al efecto de que la declaración de herederos es innecesaria cuando el hecho puede ser probado y se prueba en el curso del juicio.

Años ha, en *Morales* v. *Landrau,* 15 D.P.R. 782, sustuvimos que los herederos podían ser probados en el juicio y consideramos innecesario que se presentara una declaratoria formal de herederos, mas dijimos:

"Habiendo fundado los demandantes su acción entre otros hechos en su calidad de herederos de Angel Oquendo sin que tal hecho hubiera sido admitido por los demandados, aquéllos han podido justificar esa calidad en el presente juicio sin necesidad de acudir para ello a la Ley de Procedimientos Legales Especiales, si bien esa justificación sólo puede tener alcance y eficacia con relación a los demandados en el caso concreto de que se trata, pues para fines generales, o cuando se trate de obtener declaratoria de herederos, que en este juicio no ha sido solicitada, debe acudirse al Capítulo 3, del Título 1, de la Ley de Procedimientos Legales Especiales que establece el modo y forma de obtener aquella declaratoria.

Fundamentalmente, la idea siempre es que la condición de herederos debe ser probada y esto es imposible, según creemos, en un procedimiento ejecutivo hipotecario *ex parte*.

El caso de *Fortis* v. *Fortis,* 25 D.P.R. 69, citado por el recurrente sigue el de *Morales* v. *Landrau,* supra.

Es evidente que en un procedimiento contencioso los demandados o quizá aún los demandantes, según sea el caso, pueden tener interés en oponerse o no oponerse a las alegaciones de ciertas personas que sostienen ser los herederos de cierto supuesto predecesor. Un juicio de esta índole, sobre la cuestión de la condición de herederos, sería uno de los mejores modos de determinar tal hecho.

Aun una determinación en ese caso sólo obligaría a las partes que intervinieron en el mismo. Otros supuestos herederos podrían aun combatirla.

Los casos de *Zayas* v. *Registrador,* 36 D.P.R. 785 y *Schlüter* v. *Registrador,* 37 D.P.R. 702, tienden a sostener las consideraciones de esta opinión. En el último de ellos dijimos:

"Observamos que el registrador recurrido, en su alegato de fecha 17 de noviembre de 1927, trata el segundo extremo de su nota como defecto subsanable, lo que nos parece más justo que lo que de la nota resultaba, esto es, que la falta de acreditar que los menores demandados sean los herederos legítimos de Fermín Micheo, fuera causa de denegación. Es indudable que este extremo debió acreditarse en forma suficiente, y no lo fué. Ha de aparecer en la demanda tal calidad de legítimos herederos de Fermín Micheo, máxime cuando se trata de una demanda o escrito inicial de un procedimiento ejecutivo hipotecario, en el que no hay un período de prueba, durante el que pudiera acreditarse el referido extremo."

Esto significa que ha de hacerse no una mera alegación del *status,* sino una exposición de los hechos últimos que tienden a probar tal *status.*

Tenemos presente la decisión emitida en el caso de *Federal Land Bank* v. *Registrador,* 49 D.P.R. 149. Este tribunal resolvió allí que una inscripción anterior a nombre de los herederos de un deudor hipotecario no era necesaria para inscribir la escritura de venta otorgada por el márshal al acree-

dor hipotecario en la subasta. No resolvió que no era necesario identificar los herederos.

*Debe confirmarse la nota del registrador.*

El Juez Asociado Señor Córdova Dávila, no intervino.