INÉS SANTOS TORRÉNS, recurrente, v. EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1163.—Sometido: Abril 3, 1945. Resuelto: Abril 10, 1945.

*Luis Mendín Sabat,* abogado de la recurrente; el registrador recurrido no compareció.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

María Amparo Solá Santos, siendo soltera y menor de edad y estando representada por su padre Francisco Solá, adquirió con dinero propio una finca urbana en el pueblo de Caguas. En fecha que no aparece de los autos, Amparo Solá vendió la finca a Inés Santos Torréns, aquí recurrente, por la suma de $1,500. La recurrente entró en la posesión del inmueble, quedando pendiente el otorgamiento de la correspondiente escritura.

María Amparo Solá falleció en febrero 15 de 1934, sin otorgar disposición testamentaria ni tampoco la escritura de venta a la compradora recurrente, dejando como sus únicos herederos a su hija Migdalia Aragoneses Solá y a Manuel Aragoneses. La recurrente radicó entonces una demanda ante la Corte de Distrito de Caguas contra la Sucesión de Amparo Solá Santos, sobre otorgamiento de escritura. Fueron emplazados y notificados con copia de la demanda Migdalia y Manuel Aragoneses y Francisco Solá, padre de la vendedora, a los efectos de determinar que la suma invertida en la compra del inmueble era propiedad privada de la compradora y no de la sociedad de gananciales. No comparecieron los demandados y les fué anotada la rebeldía. Visto el caso, la Corte de Distrito dictó sentencia condenando "a la Sucesión de María Amparo Solá Santos, compuesta de su hija Migdalia Aragoneses Solá y Manuel Aragoneses", a otorgar escritura de venta en favor de la demandante Inés Santos Torréns.

En enero 25 de 1945, el márshal de la corte de distrito otorgó una escritura de venta a favor de la recurrente, por haberse negado a otorgarla los demandados. Presentada la

escritura para su inscripción, negóse el registrador a practicarla, por las razones siguientes:

"Por resultar que el procedimiento en este caso se siguió contra la sucesión de María Amparo Solá sin que se haya acreditado que Migdalia Aragoneses Solá y Manuel Aragoneses, sean los únicos componentes de esa sucesión."

Alega la recurrente que la nota del registrador es errónea "porque el párrafo segundo del artículo 18 de la Ley Hipotecaria no confiere facultades al registrador para apreciar los fundamentos de las resoluciones judiciales o sea la justicia o injusticia de las mismas, como tampoco le confiere facultades para estimar la suficiencia o insuficiencia de la prueba practicada en los procedimientos judiciales."

Tiene razón la recurrente. En la demanda sobre otorgamiento de escritura se alegó específicamente que Amparo Solá falleció intestada y "dejando como sus únicos herederos a su hija Migdalia Aragoneses y a Manuel Aragoneses". En la sentencia que aparece transcrita en la escritura otorgada por el márshal, se hace constar que en el acto de la vista se procedió a la práctica de prueba documental y también testifical, y que "se ha probado a juicio de la Corte todos los extremos alegados en la demanda".

Habiendo declarado la corte de distrito, de acuerdo con la facultad que la ley le confiere para ello, que se ha probado a su satisfacción que la Sucesión de María Amparo Solá Santos la componen su hija Migdalia y Manuel Aragoneses, no es de la incumbencia del registrador el determinar si la prueba sometida a la consideración de la corte sentenciadora es o no suficiente para justificar las conclusiones en que se basa la sentencia. *Cancel* v. *Registrador*, 28 D.P.R. 916; *Taboada* v. *Registrador*, 26 D.P.R. 662; *Medina* v. *Registrador*, 19 D.P.R. 1016; *Rivera* v. *Registrador*, 14 D. P.R. 258; *Banco Comercial* v. *Registrador*, 24 D.P.R. 710.

*La nota recurrida debe ser revocada, debiendo el Registrador practicar la inscripción solicitada.*