José Correa Álvarez, recurrente, v. El Registrador de la Propiedad de Bayamón, recurrido.

Núm. 1222.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Noviembre 21, 1947.

*Ángel Rivera Colón,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

La escritura de venta judicial otorgada en 12 de marzo de 1947 en la ciudad de Bayamón bajo el número 57 ante el notario Ángel Rivera Colón fué inscrita por el Registrador de

la Propiedad de aquel Distrito "con el defecto subsanable de no acreditarse el carácter de herederos que ostentan Andrés San Miguel González y Amparo Salgado de Pedro Ángel San Miguel."

Insiste el recurrente José Correa Álvarez, comprador de la propiedad objeto de la referida escritura, en que el párrafo segundo del artículo 18 de la Ley Hipotecaria(¹) no confiere facultades al Registrador para apreciar los fundamentos de las resoluciones judiciales y en que la consignación de dicho defecto está en pugna con lo resuelto por este Tribunal en el caso de *Federal Land Bank* v. *Registrador,* 49 D.P.R. 149.

Es cierto que en innumerables ocasiones hemos decidido que de acuerdo con el citado párrafo del indicado artículo "la calificación por el Registrador de documentos expedidos por la autoridad judicial sólo alcanza a si el juez era o no competente por razón de la materia, la naturaleza y efecto de la resolución, si ésta se dictó en el juicio correspondiente, si en él se observaron los trámites y preceptos esenciales para su validez y si el documento contiene las circunstancias todas que según la Ley Hipotecaria son necesarias para su inscripción." *Sucesión Trías* v. *Registrador,* 59 D.P.R. 460, 466 y *Valiente* v. *Registrador,* 63 D.P.R. 149, 154. Igualmente, que el Registrador puede inquirir en cuanto a la jurisdicción con que se dictó la resolución o sentencia cuya inscripción o anotación se solicita y si el procedimiento fué el marcado por la ley. *Santos* v. *Registrador,* 60 D.P.R. 135 y *Sucn. Estrella* v. *Registrador,* 41 D.P.R. 756. Y que dicho funcionario no tiene poder para revisar las cuestiones de he-

(¹)"Artículo 18. Los Registradores calificarán bajo su responsabilidad la legalidad de las escrituras en cuya virtud se solicite la inscripción y la capacidad de los otorgantes por lo que resulte de las mismas escrituras.

Del mismo modo calificarán, bajo su responsabilidad y para el único efecto de admitir, suspender o negar su inscripción o anotación, todos los documentos expedidos por la Autoridad judicial.

Contra la suspensión o denegación de inscripción o anotación preventiva no se darán más recursos que los señalados en esta ley, sin que los Jueces o Tribunales puedan obligar en otra forma a los Registradores a que inscriban o anoten en virtud de documentos judiciales."

cho o de derecho resueltas por las cortes de distrito. *Caballero* v. *Registrador*, 35 D.P.R. 617. Empero, también hemos resuelto que todo ello no significa que los Registradores no tengan potestad para denegar la inscripción cuando en las resoluciones judiciales no consta que se ha cumplido con los requisitos exigidos por la ley como condición precedente para dictarlas. *Taboada* v. *Registrador*, 26 D.P.R. 662.

En la escritura objeto del defecto a que antes se ha hecho mención se copia en su integridad la sentencia dictada por la Corte de Distrito de Bayamón en un pleito sobre ejecución de hipoteca por la vía ordinaria, iniciado por José Correa Álvarez contra la Sucesión de Pedro Ángel San Miguel. En dicha sentencia, luego de hacerse constar que el demandante reclama el pago de un crédito hipotecario constituído por Pedro Ángel San Miguel en 23 de octubre 1943 por la suma de $1,400 de capital, más intereses al 8 por ciento anual y una suma adicional fijada en $150 para responder de costas, gastos y honorarios de abogado en caso de reclamación judicial, que los demandados contestaron la demanda e hicieron una oferta de sentencia, se dice que las partes radicaron una estipulación para que se dictara sentencia de acuerdo con la Regla 68 de las de Enjuiciamiento Civil para las Cortes de Puerto Rico y que "la corte, con vista de la estipulación antes mencionada, dicta sentencia y condena a la Sucesión de Pedro Ángel San Miguel, *compuesta de sus padres legítimos Andrés San Miguel González y Amparo Salgado* a pagar al demandante José Correa Álvarez, la suma de $1,100 de capital, $300 por concepto de intereses devengados hasta el día 1 de agosto de 1946, los que se devenguen desde dicha fecha hasta su total pago al tipo del 8 por ciento anual y $100 para costas, gastos y honorarios de abogado." (Bastardillas nuestras.) De la faz de la sentencia se nota en seguida que la corte no tuvo ante ella prueba de clase alguna tendiente a demostrar quiénes eran realmente los herederos del deudor original, y que de acuerdo con la estipulación, y

copiando probablemente del título del procedimiento, meramente hizo constar en la sentencia que la Sucesión del deudor estaba "compuesta de sus padres legítimos Andrés San Miguel González y Amparo Salgado."

No hay duda de que los herederos del finado eran solidariamente responsables de las obligaciones de éste. *Morales* v. *Cabrera,* 53 D.P.R. 94. Tampoco la hay de que en ejecuciones de hipotecas por la vía ordinaria o sumarísima, no es menester que los bienes hipotecados consten previamente inscritos a favor de los herederos del deudor para que pueda inscribirse la escritura judicial de venta a favor del adquirente. *Federal Land Bank* v. *Registrador,* supra. Ni de que en casos de esta naturaleza la declaratoria de herederos no tiene por necesidad que tramitarse independientemente y en armonía con las disposiciones de la Ley de Procedimientos Legales Especiales,(²) sino que puede presentarse prueba a tal efecto dentro del propio procedimiento ejecutivo. *Morales* v. *Landráu,* 15 D.P.R. 782, 797. Sin embargo, sí es indispensable que en tales procedimientos haya prueba demostrativa de quiénes son los herederos del causante. *Ginorio* v. *Registrador,* 50 D.P.R. 400.(³)

Conforme indicamos más arriba, el recurrente hace hincapié en el caso de *Federal Land Bank* v. *Registrador,* supra, y sostiene que la previa inscripción a favor de los herederos no es necesaria para que se inscriba una propiedad adquirida en venta judicial. Estamos de acuerdo, mas ·contrario a lo que alega, en *Ginorio* v. *Registrador,* supra, hicimos constar claramente a la página 403 que dicho caso "no resolvió que no era necesario identificar los herederos."

El recurso de *Zayas* v. *Registrador,* 36 D.P.R. 785, se nos asemeja mucho al presente. Allí, al igual que en éste se dictó sentencia por estipulación y el Registrador inscribió también con defecto subsanable. Este Tribunal dijo, a la página 789:

---

(²)Arts. 552 *et seq.* del Código de Enjuiciamiento Civil, Ed. de 1933.

(³) *Cf. Santos* v. *Registrador,* 64 D.P.R. 801, 803; *Schlüter* v. *Registrador,* 37 D.P.R. 702.

" . . . el registrador tenía autoridad para examinar si la corte inferior tuvo jurisdicción para dictar sentencia por transacción entre las partes y condenar a Juan y Juana Rolón Santiago para ratificar la venta en nombre de sus consortes.

" . . . En los casos que citan los recurrentes de *Coy* v. *Registrador*, 22 D.P.R. 432, y *Ortiz* v. *Registrador*, 23 D.P.R. 702, lo que se resuelve es lo mismo que admite el registrador en sentido de no ser necesaria la inscripción a favor de los herederos, quienes cumplen una obligación del causante; *pero en modo alguno se releva a los herederos de acreditar su carácter de tales.* El registro es una institución para la protección de terceros y la admisión de las partes en un pleito sobre ratificación de cierta venta, en la forma que aparece de este recurso, podría afectar a personas posiblemente interesadas en los bienes vendidos, sin que hayan tenido su día en corte. *La declaración de herederos en este caso era un trámite necesario y el registrador estuvo en lo cierto exigiendo que se acreditara ante él dicho extremo.*" (Bastardillas nuestras.)

Desprendiéndose de la faz de la sentencia que ésta fué dictada sin que la corte tuviera ante sí prueba de clase alguna para concluir quiénes eran realmente los herederos del deudor hipotecario original, procede la confirmación de la nota recurrida.

*Se dictará resolución de conformidad.*