Francisco Bermúdez, recurrente, *v.* El Registrador de la Propiedad de Humacao, recurrido.

Núm. 1235.—*Sometido:* Enero 10, 1949. *Resuelto:* Enero 26, 1949.

*Faustino R. Aponte,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El 23 de marzo de 1948 Pelegrín Cordero Weber otorgó a favor de Francisco Bermúdez una escritura de segregación

y compraventa de cierto solar. Decía la escritura que Cordero y su esposa adquirieron en 1945 el solar que en ella se describía; que en mayo de 1947 vendieron parte del mismo a Bermúdez, por la suma de $1,350, pagándoles éste $50 para abonar al precio de venta, y conviniendo en pagar el balance cuando la Junta de Planificación aprobara la segregación; que la Junta la aprobó el 21 de julio de 1947, pero la escritura no pudo otorgarse por enfermedad de la esposa de Cordero, quien falleció el 5 de septiembre de 1947; que por resolución del 26 de enero de 1948 la corte de distrito declaró a sus tres hijos menores, únicos y universales herederos de la esposa finada; que el 4 de marzo de 1948 Cordero obtuvo autorización judicial, para otorgar por sí y en representación de los referidos menores, la escritura de segregación del solar aquí envuelto.

Bermúdez llevó la escritura al Registro para su inscripción, presentando al registrador copias certificadas de la resolución de la Junta de Planificación y la resolución de la corte declarando a los tres hijos menores únicos y universales herederos de su señora madre. El registrador inscribió la escritura en cuanto a la mitad del solar que pertenecía a Cordero como bien ganancial, pero se negó a inscribirla en cuanto a las participaciones propiedad de los menores, "por no tener inscritos dichos menores los derechos que se proponen transmitir". Contra esta nota del registrador, Bermúdez ha interpuesto el presente recurso gubernativo.

El registrador no niega el hecho de que los herederos de la esposa de Cordero venían obligados a concurrir en la escritura a favor de Bermúdez, a tenor con el contrato de venta del solar a este último, efectuado antes de ocurrir el fallecimiento de la esposa de Cordero. Artículos 1230, 1339, Código Civil, ed. de 1930; *Boneta* v. *Boneta et al.,* 27 D.P.R. 690. En vista de·estas circunstancias, bajo el artículo 20 de la Ley Hipotecaria era innecesario que la mitad del solar fuera primeramente inscrita a nombre de los herederos con el fin de que éstos pudiesen otorgarle la escritura al comprador. Los here-

deros, al otorgar la escritura, actuaron en una capacidad representativa a nombre y por su señora madre ya fallecida, con el propósito de llevar a cabo su obligación aún sin cumplir. Por tanto era suficiente, a los fines del artículo 20, que el solar estuviera inscrito a nombre de la finada y su esposo. *Coy v. El Registrador de San Juan*, 22 D.P.R. 432; *Ortiz v. El Registrador*, 23 D.P.R. 702; *Wilcox v. Registrador*, 67 D.P.R. 475, 484.

*La nota del registrador será revocada y se le ordenará que inscriba la escritura libre de defecto alguno.*