JORGE NOGUERA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

Núm. 1274.—*Sometido:* Febrero 1, 1951. *Resuelto:* Febrero 14, 1951.

---

*José Sabater*, abogado del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Por escritura pública otorgada en Mayagüez en 31 de julio de 1950 por la Sucesión de Amadeo Casillas Núñez, compuesta de su viuda Josefina Jiménez y de sus hijos Gregorio Salvador y María de Lourdes Casillas Jiménez, todos mayores de edad, a favor de Jorge Noguera, también mayor de edad y casado con la citada María de Lourdes Casillas Jiménez, se ratificó la venta que el causante de la sucesión había hecho a su yerno Jorge Noguera de una finca rústica compuesta de 1.083 cuerdas, situada en el Barrio Mayagüez Arriba del municipio de Mayagüez. Se hizo constar en ella que Amadeo Casillas Núñez y su esposa, la compareciente Josefina Jiménez, resolvieron vender y vendieron la aludida finca a su yerno Jorge Noguera a mediados del mes de julio de 1949 por precio

de $1,000, cantidad que el adquirente pagó en dinero efectivo a Casillas Núñez y que éste recibió en presencia de su citada esposa, que de ese modo quedó consumada la venta sin condición alguna y todos estuvieron dispuestos a otorgar la correspondiente escritura de compraventa, pero que habiéndose aplazado el otorgamiento de ésta, pocos días después, o sea en primero de agosto del mismo año, falleció Casillas Núñez, sin haberse otorgado la escritura, por lo que se ratificaba en todas sus partes la venta realizada, cumpliéndose así la obligación contraída por el causante de la sucesión, ratificándose la venta y quedando de ese modo ésta consumada. También se hizo constar en la escritura que la Corte de Distrito de Mayagüez en procedimiento sobre declaratoria de herederos dictó sentencia declarando únicos y universales herederos de Amadeo Casillas Núñez a sus hijos legítimos Gregorio Salvador y María de Lourdes Casillas Jiménez y a su viuda Josefina Jiménez en la cuota usufructuaria.

Presentada la referida escritura en el Registro de la Propiedad, el registrador denegó su inscripción mediante nota que textualmente copiada reza así:

"DENEGADA la inscripción de este documento por observarse que no se acompaña ni se acredita el pago de la contribución de herencia o carta de exención de dicho pago expedida por el Tesorero de Puerto Rico acreditativa de que la finca objeto de la ratificación de venta y venta está exenta del pago de la contribución de herencia al fallecimiento del causante Amadeo Casillas y Núñez por haber sido tal venta perfeccionada y consumada antes de la muerte de dicho causante, y tomada en su lugar la correspondiente anotación preventiva por el término legal, al folio 139 del tomo 326 de Mayagüez, finca número 10,075, anotación letra 'A'. Mayagüez, a 26 de septiembre de 1950."

██ Al solicitar la revocación de la nota anterior, el recurrente sostiene que apareciendo de la misma que la venta del inmueble quedó perfeccionada y consumada antes de la muerte del causante, resulta un contrasentido exigir prueba del pago o exención de la contribución de herencia, pues si el causante

vendió en vida él no tenía que pagar contribución alguna de tal naturaleza. Discrepamos del criterio así expresado.

Por disposición expresa del artículo 12 de la Ley núm. 99 de 29 de agosto de 1925 (pág. 791), según quedó enmendado por la sección 2 de la Ley núm. 189 de 13 de mayo de 1948 (págs. 527, 529) ".... ningún registrador inscribirá en ningún registro a su cargo, instrumento alguno.... en relación con la división, distribución o entrega de dichos bienes [de un finado] a menos de haberse presentado el recibo o recibos expedidos por el Tesorero." (Corchetes nuestros.) Este precepto de ley es obligatorio para los registradores y al presentarse para su inscripción cualquier documento a virtud del cual se dividan, distribuyan o entreguen bienes de una persona fallecida es el deber de ellos, antes de proceder a la inscripción del mismo, cerciorarse de que el recibo acreditativo del pago de la contribución de herencia expedido por el Tesorero de Puerto Rico ha sido acompañado, o de que en defecto del recibo se ha presentado un certificado demostrativo de que la propiedad objeto de la inscripción solicitada está exenta del pago de la contribución de herencia.

▇▇▇▇ Cuando los herederos de un finado otorgan escritura pública ratificando una venta efectuada por su causante oralmente o mediante documento privado, ellos no hacen otra cosa que ejecutar y dar cumplimiento a la voluntad de aquél. De negarse a ello, podría compelérseles judicialmente a otorgar semejante escritura. En tales casos no es menester la previa inscripción del inmueble a favor de los herederos para que la escritura de ratificación sea inscrita a nombre de la persona o personas a cuyo favor se otorga la misma. Desde luego, de ser algunos de los herederos menores de edad es necesario obtener la aprobación del Tribunal de Distrito para que éstos puedan otorgar la escritura de ratificación. *Bermúdez* v. *Registrador*, 69 D.P.R. 512; *Wilcox* v. *Registrador*, 67 D.P.R. 475; *Zayas* v. *Registrador*, 36 D.P.R. 785; *Ortiz* v. *Registrador*, 23 D.P.R. 702; *Coy* v. *Registrador*, 22

D.P.R. 432. En el presente caso tal autorización era innecesaria, debido a que, como hemos visto, todos los herederos eran mayores de edad.

■■ Cuando se presentó la escritura de ratificación envuelta en este caso al Registro de la Propiedad de Mayagüez la propiedad objeto de la misma figuraba inscrita en el registro a nombre del causante de la sucesión. Para fines de la Ley Hipotecaria y del Registro dicho causante seguía siendo el dueño de la propiedad, y el registrador carecía de facultad para determinar si la constancia de la escritura respecto a la supuesta compraventa entre el causante y su yerno se ajustaba o no a la verdad. De haberse efectuado tal venta verbal entre el causante y su esposa de una parte y el yerno, aquí recurrente, de la otra, la misma surtía efecto tan sólo entre ellos, mas no así contra tercero. En cuanto a tercero la propiedad continuaba siendo del causante y su esposa hasta tanto se otorgara la correspondiente escritura pública de enajenación. Conforme dice el tratadista Barrachina en su obra Derecho Hipotecario y Notarial, Vol. 1, pág. 145, comentando una situación similar a la aquí envuelta, que dió lugar a la resolución de la Dirección General de los Registros de 3 de noviembre de 1879: ".... si bien la venta fué válida y eficaz en sí misma, sólo produjo efectos entre los otorgantes, siendo necesario para que los produjese respecto a tercero, que se hubiere hecho constar por escritura pública y que ésta se hallare inscrita; .... *habiendo fallecido el testador sin haber llenado aquella formalidad, era evidente que en el dominio del mismo continuaban las fincas según el Registro.*"

De permitirse que transacciones como la aquí envuelta sean inscritas en el Registro de la Propiedad sin acreditarse en debida forma el pago de la contribución de herencia o la exención correspondiente, se estaría autorizando que se violaran requisitos imperativos de la ley. Morell en su obra Legislación Hipotecaria, Vol. 2, págs. 417, 418 al comentar ratificaciones de ventas como la envuelta en este recurso se

expresa así: "La consecuencia es lógica, y, sin embargo, en el ambiente exclusivo de buena fe en que el precepto se presenta, *su aceptación es peligrosa. Es un estímulo más para contratar privadamente antes de morir. Creemos que tal vez por ello, la jurisprudencia se decida a exigir el cumplimiento de todas las formalidades legales como si se tratase de una verdadera enajenación.* Puede fundarse para ello en que, *hipotecariamente, no existía antes trasmisión real alguna.....* El precepto que nos ocupa debe reformarse en el sentido que demandan la razón y la práctica. Debe exigirse alguna base o fundamento apreciable que prueba la verdad de la enajenación anterior.... *A los efectos del impuesto de derechos reales ha de justificarse debidamente la realidad del contrato en fecha anterior. De otro modo: el acto se inscribirá, pero previo el pago del impuesto por los herederos."* (Bastardillas nuestras.) Procedió, por tanto, acertadamente el Registrador al denegar la inscripción.

*Debe confirmarse la nota recurrida.*