CARMEN FERNÁNDEZ LÁTIMER, demandante y apelada, *v.* FRANCES LALOMA, como única heredera de JOSÉ ECHEVARRÍA NAVARRO, demandada y apelante, y SUCESIÓN DE MIGUEL ECHEVARRÍA NAVARRO compuesta de su viuda BÁRBARA FERNÁNDEZ DE ECHEVARRÍA y sus hijos ANGELA, LYDIA, JOSÉ-JOAQUÍN, MIGUEL e IDALIA ECHEVARRÍA FERNÁNDEZ, demandados y apelados.

Núm. 7655.—*Sometido:* Mayo 4, 1939. *Resuelto:* Marzo 19, 1940.

*Leopoldo Felíu,* abogado de la apelante; *R. Castro Fernández,* abogado de la demandante apelada; *Luis Tirado Géigel,* abogado de la Sucesión apelada.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Miguel Echevarría Navarro tomó a préstamo de Carmen Fernández Látimer la suma de $4,200 para comprarle una casa al Sr. Waldemar E. Lee. Según el convenio, el título figuraría a nombre de Josefa Echevarría Navarro (hermana del deudor) hasta que él pagara la deuda. Si Miguel pagaba, Josefa, o sea la dueña nominal, le pasaría el título al primero. Si Miguel Echevarría (cuyos negocios estaban algo enredados) no podía pagar el dinero de la compraventa, Josefa Echevarría le pasaría el título a la acreedora. Josefa aceptó estas condiciones, por lo menos verbalmente, así como que ella otorgaría testamento a favor de sus sobrinos, hijos de Echevarría, a fin de que éstos pudieran cumplir con los términos del convenio en caso de que ella muriera. En armonía con lo anterior, en una escritura de venta de la finca en cuestión (otorgada el 13 de marzo de 1931) ella compareció como compradora. El acuerdo fué oral y ninguna parte del mismo consta en la escritura. El dominio pleno y absoluto de la propiedad a nombre de Josefa Echevarría fué inscrito en el registro. En abril 17, 1931, ella otorgó testamento a favor de los hijos de Echevarría, lo que hasta entonces era lo que ella había convenido hacer.

Toda la cuestión fué aparentemente una transacción de familia. Carmen Fernández Látimer, la demandante que prestó el dinero, es la hermana de la esposa de Echevarría. Ella hizo el préstamo sin término fijo de vencimiento y aparentemente sin intereses. Era condición del convenio que Echevarría y su familia tomarían posesión de la casa y la vivirían, pagando las contribuciones y haciendo las reparaciones necesarias hasta que se pagara la deuda, cuando Eche-

varría tomaría el título, o de hacerse evidente que él no podía pagar la deuda, entonces sería deber de Josefa traspasar la propiedad a Carmen, quien así se convertiría en dueña de la misma. El título no se hizo constar a nombre de Echevarría porque evidentemente ambas partes temían que en tal caso la casa podría ser embargada por un acreedor y la prestamista no tendría forma de recobrar el importe de la deuda de su cuñado. Josefa Echevarría fué elegida como dueña nominal porque ella era hermana de Echevarría y no tenía herederos forzosos.

Echevarría murió el 25 de febrero de 1931, en estado de insolvencia, y sin haber devuelto los $4,200 a su cuñada.

Josefa Echevarría, la dueña nominal, falleció el 13 de junio de 1934, mas nunca traspasó el título a la demandante, a pesar de habérsele requerido para ello. Sucedió entonces que en febrero 20, 1932, Josefa Echevarría otorgó un segundo testamento revocando el primero y designando como única heredera a la demandada Frances Laloma. La demandante, Carmen Fernández, tuvo conocimiento de este hecho el 21 de mayo de 1935. Ella radicó demanda tres días más tarde, exponiendo todos los hechos anteriores.

La demanda contenía una alegación al efecto de que Frances Laloma tenía conocimiento de todos estos hechos. La demandante solicitó de la corte inferior dictara sentencia:

Declarando que el título de la finca lo adquirió Josefa Echevarría Navarro en fideicomiso *(trust)* para beneficio de la demandante y de Miguel Echevarría.

Ordenando al Registrador de la Propiedad de San Juan que rectifique la inscripción 5ª. de dicha finca, haciendo constar que Josefa Echevarría no tiene otro interés en dicha finca que el de fiduciaria.

Declarando que Frances Laloma no adquirió como heredera de Josefa Echevarría interés alguno sobre la descrita finca.

Ordenando la cancelación de cualquier inscripción de dicha finca en el Registro de la Propiedad a favor de Frances Laloma.

Declarando que la demandante es la única dueña de la descrita finca y ordenando al Registrador de la Propiedad que inscriba ésta a nombre de la demandante; o en la alternativa nombrando una fiduciaria sustituta y ordenándole transferir el título de la descrita finca a la demandante, de acuerdo con dicho convenio.

Concediendo a la demandante cualquier otro remedio en ley o en equidad que la corte crea justo y razonable con el fin de proteger los derechos de la demandante.

Concediendo las costas a la demandante.

La demandada Sucesión de Miguel Echevarria contestó admitiendo todos los hechos de la demanda y haciendo constar que repudiaba la herencia de Echevarría.

La demandada Laloma excepcionó la demanda por los siguientes fundamentos: que la demanda no aducía causa de acción; que la acción habría prescrito; y que la acción estaba prescrita a tenor de los artículos 1258 y 1257 del Código Civil.

Bajo la excepción previa todos los hechos expuestos en la demanda deben ser aceptados como ciertos.

Luego de radicarse alegatos, la corte, el 7 de enero de 1935, declaró con lugar la excepción, y al resolver que la demanda no era enmendable, dictó sentencia declarando ésta sin lugar. La corte inferior dijo que los fideicomisos *(trusts)* en Puerto Rico—*inter vivos* o al constituirse sobre bienes inmuebles—tienen que ser expresos y constar en documento público (artículos 836 y 838 del Código Civil), y que los fideicomisos secretos están prohibidos (artículo 844, íd.). La corte dijo que los fideicomisos resultantes o tácitos *(resulting or constructive trusts)* no existían en Puerto Rico; que más bien estaban prohibidos (artículo 855); y que la equidad, como sistema de derecho, no existía en Puerto Rico.

La corte continuó diciendo que los elementos de un fideicomiso o *"trust"* no existían.

La demandante solicitó la reconsideración.

El 17 de abril de 1936 la corte declaró con lugar la moción. La resolución y sentencia dictadas el 7 de enero fueron dejadas sin efecto y se dictó una nueva orden declarando sin lugar la excepción previa. La corte inferior dijo en reconsideración:

"Ratificamos lo dicho anteriormente (en la resolución de enero 7) con excepción del último párrafo transcrito que aceptamos está equivocado por haber dejado de aplicar el precepto del artículo 7 del Código Civil (Ed. 1930) que en lo pertinente dice así:

" 'Art. 7. * * * * * * * *

"Cuando no haya ley aplicable al caso, el tribunal resolverá conforme a equidad, *que quiere decir que se tendrá en cuenta la razón natural de acuerdo con los principios generales del derecho, y los usos y costumbres aceptados y establecidos.'* (Subrayado nuestro.)

"No quiere esto decir que los principios de derecho que surgieron de la Corte de Cancillería (Chancellor's Court) de Inglaterra sean aplicables en Puerto Rico. Como muy claramente dice el precepto legal transcrito, la equidad de nuestro Código Civil, 'quiere decir que se tendrá en cuenta *la razón natural de acuerdo con los principios generales del derecho, y los usos y costumbres aceptados y establecidos.'*

 * * * * * * *

"Conforme aparece de la demanda, Josefa Echevarría nunca fué dueña de la finca aunque el título aparecía a nombre suyo. En tales condiciones nada podía transmitir a su heredera, y al así intentarlo no hizo otra cosa que faltar a la confianza que en ella habían depositado su hermano y su cuñada, la demandante. Permitir que la demandada retenga el título de la finca que ni moral ni legalmente debe pertenecerle, equivale a sancionar un fraude y autorizar a una parte que se enriquezca torticeramente a costa de otra, lo cual repugna a la razón natural, a la conciencia y a los principios generales de derecho. En evitación de casos como el que presenta la demanda, no habiendo ley escrita que los regule, debe recurrirse a lo dispuesto en el Art. 7 del Código Civil y fallar no necesariamente de acuerdo con los principios de la jurisprudencia de equidad que rige en Estados Unidos e Inglaterra, sino de acuerdo *con la razón*

*natural y los principios generales del derecho* conforme dispone el citado precepto legal. Y al así hacerlo, llegamos a la conclusión de que la relación entre Josefa Echevarría y la demandante era la de mandataria y mandante respectivamente, y no pudiendo la mandataria apropiarse de los bienes confiádosle por su mandante en contravención de las instrucciones recibidas, ella y muerta ella, su heredera, la demandada Laloma viene obligada a devolver la propiedad que le fué confiada, una vez cumplida la condición que debía cumplirse para que se transmitiera el título a la demandante. La condición se cumplió desde que murió Echevarría sin poder devolver el importe del préstamo. Así procedió nuestro Tribunal Supremo en el reciente caso de *McCormick* v. *González et al.,* resuelto en 27 de enero último (49 D.P.R. 473), de cuya opinión tomamos el siguiente párrafo:

" 'En el presente caso los suscritores, de acuerdo con las alegaciones de la demanda, entregaron su dinero a los Sres. González, Fabián y Riera para un propósito común: la adquisición de los bienes corporales e incorporales de las compañías ferroviarias. Con ese único fin se entregó el dinero a los tres señores anteriormente mencionados. El principio aplicable es el mismo, de acuerdo con la razón natural y los principios generales de derecho. *Lo esencial es que surja una relación fiduciaria,* tanto en el orden civil como en el mercantil, como ocurre en el presente caso, en que según las alegaciones se entregó un dinero para cierto propósito y se dispuso del mismo para fines particulares por las personas encargadas de cumplir la voluntad de los suscritores. En estas razones nos basamos para sostener que los hechos alegados en la demanda establecen una causa de acción."

"Por las razones expuestas llegamos a la conclusión de que la demanda aduce hechos constitutivos de causa de acción y al resolver lo contrario en nuestra resolución de 7 de enero último, cometimos error que ahora rectificamos dejando sin efecto la resolución citada y la sentencia de la misma fecha y en su lugar se desestima la excepción previa y se concede a la demandada Laloma un plazo de 10 días para archivar su contestación a la demanda."

Ninguna de las partes dió ningún otro paso por espacio de más de un año. Entonces, en 7 de julio de 1937, la demandada Laloma solicitó sentencia sobre las alegaciones.

El 4 de octubre de 1937 la corte inferior dictó sentencia sobre las alegaciones a favor de la demandante y resolvió:

Que Josefa Echevarría no fué en ningún momento dueña de la finca en cuestión y por el contrario adquirió en fideicomiso *(trust)* para beneficio de la demandante y de Miguel Echevarría; que las condiciones del fideicomiso eran las que aparecían en la demanda; que la demandada Frances Laloma, heredera testamentaria de Josefa Echevarría, no había adquirido tal propiedad, por no pertenecer ésta a su causante; que la demandante es dueña de la descrita finca en pleno dominio y sin condición alguna, por haber fallecido Miguel Echevarría sin devolver el importe del préstamo; que una vez firme la sentencia se expida mandamiento al registrador para que proceda a cancelar cualquier inscripción que a título de heredera de Josefa Echevarría se hubiese practicado en el Registro de la Propiedad a favor de Frances Laloma y asimismo ordenando la inscripción del dominio de dicho inmueble a favor de la demandante; y que a la demandada Frances Laloma se condene al pago de las costas, incluyendo la suma de $200 en concepto de honorarios de abogado.

La demandada Laloma apeló y señala nueve errores.

Las cuestiones suscitadas por la apelante son las siguientes:

A.—La demanda no aduce causa de acción porque:

1. Los fideicomisos *inter vivos* o sobre bienes inmuebles sólo pueden constituirse por escritura pública.

2. De acuerdo con la ley no puede exigirse ninguna otra clase de fideicomiso.

3. Bajo los hechos de este caso no surgió un fideicomiso resultante ni implícito, toda vez que no hubo fraude al momento de celebrarse el contrato, y el hecho de dejar la cesionaria de cumplir un acuerdo verbal, celebrado de buena fe, no constituye fraude.

4. El objeto de la demandante y de Miguel Echevarría fué ocultar su propiedad de los acreedores. Josefa Echevarría fué una parte inocente en este contrato. En tales condiciones las partes culpables no pueden recobrar de la inocente.

5. La demandada es heredera y no una parte contratante original. Según el artículo 371 del Código Civil ella no puede ser perjudicada.

B.—Esta acción está prescrita porque:

Éste es un pleito para anular o rescindir el contrato a virtud del cual la causante de la demandada, Josefa Echevarría, recibió el título. Ese contrato fué otorgado el 13 de marzo de 1931. La demanda fué radicada el 24 de mayo de 1931, o sea cuatro años dos meses más tarde. Los artículos 1253 y 1251 del Código Civil fijan el término de cuatro años para entablar las acciones respectivas.

C.—La demandante está impedida de iniciar esta causa de acción, porque:

El artículo 1258 del Código Civil provee:

"Si el hecho en que consiste la causa torpe no constituyere delito ni falta, se observarán las reglas siguientes:

" * * * * * * *

"Cuando esté de parte de un solo contratante, no podrá éste repetir lo que hubiese dado a virtud del contrato, ni pedir el cumplimiento de lo que se le hubiera ofrecido. El otro, que fuera extraño a la causa torpe, podrá reclamar lo que hubiera dado, sin obligación de cumplir lo que hubiera ofrecido."

La causa ilícita indudablemente lo fué la supuesta promesa de la cesionaria. La parte culpable fué la demandante, quien actuó con la idea de defraudar a los acreedores de Echevarría.

D.—No debieron imponerse las costas a la demandada, toda vez que ella actuó de buena fe y el caso en controversia es nuevo en esta jurisdicción.

■ Los argumentos de la apelante son que los fideicomisos en Puerto Rico tienen que ser expresos cuando son *inter vivos* o se refieren a bienes inmuebles.

El artículo 836 del Código Civil provee:

"El fideicomiso *inter vivos* debe constituirse por escritura pública."

El artículo 838 del Código Civil dispone:

"El fideicomiso constituído sobre bienes inmuebles, debe constar en escritura pública, la cual habrá de inscribirse; y sólo perjudicará a tercero desde la fecha de su inscripción en un registro público de conformidad con las disposiciones del artículo 1181 de este código."

El artículo 844 de dicho código lee:

"Se prohiben los fideicomisos secretos."

"Cuando existen estatutos que regulen los fideicomisos, para que un fideicomiso sea válido el mismo debe constituirse de conformidad con los términos del estatuto." 65 C. J. (Trusts), Sec. 31, pág. 243.

La apelante cita muchos casos en apoyo de sus puntos de vista, así como una monografía que aparece en 35 A.L.R. 288.

También sostiene que bajo los hechos de este caso no podía surgir un fideicomiso resultante o implícito.

Aunque la apelante estaba obligada a aceptar los hechos de la demanda, ella arguye que no está privada de su calidad de tercero en lo que al convenio celebrado por su causante se refiere; que las palabras de la demanda de que ella "tiene conocimiento del hecho de que la referida doña Josefa Echevarría Navarro nunca fué la verdadera dueña de la descrita finca", no le imputan conocimiento de la existencia del fideicomiso.

También sostiene que si se trata de una acción para anular un contrato, la misma está prescrita a tenor del artículo 1253 del Código Civil. Y que si se trata de una acción rescisoria, también está prescrita por el artículo 1251 del mismo cuerpo legal, que provee:

"La acción para pedir la rescisión dura cuatro años.

"Para las personas sujetas a tutela y para las ausentes, los cuatro años no empezarán hasta que haya cesado la incapacidad de los primeros, o sea conocido el domicilio de los segundos."

Arguye además que aunque Josefa otorgó el segundo testamento el 20 de febrero de 1932, o sea unos tres años antes de iniciarse la acción, la demandante no hizo nada para proteger sus derechos; y que después de la muerte de la cesionaria transcurrieron diez meses antes de entablarse la demanda. Dice que aunque Echevarría falleció el 25 de febrero de 1931, es decir, dos años nueve meses antes de morir la supuesta fiduciaria, no se dió paso alguno por la demandante para hacer valer sus supuestos derechos; que

ella tuvo tiempo para actuar, y no lo hizo así, y que su reclamación está extinguida por la prescripción.

La apelante cita el artículo 1257 del Código Civil en apoyo de su contención de que la demandante, habiendo sido culpable, está impedida de instruir este recurso.

La apelante sostiene que no debieron imponérsele las costas.

La apelada trata de afrontar la posición de la apelante con varios argumentos. Se funda en el caso de *McCormick* v. *González Martínez et al.,* 49 D.P.R. 473, que cita extensamente.

También cita 65 Corpus Juris 222, sección 13, sobre Fideicomisos Resultantes *(Resulting Trusts),* y página 454, sección 215, sobre Fideicomisos Tácitos *(Constructive Trusts).*

Acepta que el fideicomiso de este caso no puede ser exigido como un fideicomiso expreso, mas sostiene que puede serlo como un fideicomiso resultante.

El caso puede ser resuelto bajo el artículo 7 del Código Civil, tomando las reglas sobre fideicomisos resultantes o tácitos de equidad y aplicándolas. En jurisdicciones en que existe la equidad surge un fideicomiso tácito en casos similares al de autos. Para un estudio amplio de la cuestión en controversia véanse los dos artículos que aparecen en Harvard Law Review, intitulados "Constructive Trusts based upon the Breach of an Express Oral Trust of Land" (Fideicomisos tácitos basados en el incumplimiento de un fideicomiso verbal expreso de terrenos), 20 H.L.R. 549, y "Resulting Trusts Arising upon the Purchase of Land" (Fideicomisos resultantes provenientes de la adquisición de terrenos), 40 H.L.R. 669.

No obstante el hecho de que podemos basarnos en el caso de McCormick y en otros para la idea de que Frances Laloma y su causante poseían una propiedad en calidad de fideicomiso resultante o tácito, sin embargo, no creemos que necesitamos salirnos del Código Civil para sostener la sentencia de la corte inferior.

A nuestro juicio, es claro que Josefa Echevarría y sus cesionarias, como ha indicado la corte inferior, fueron agentes tanto de Carmen Fernández como de Miguel Echevarría. Como tales mandatarias estaban obligadas, en caso de pagarse la deuda, a traspasar la finca a Miguel Echevarría o sus herederos, y en caso de no pagarse, a transferir la propiedad a Carmen Fernández en pago del préstamo que Miguel Echevarría había obtenido de ésta para comprarle la casa al Sr. Lee.

Entonces potencialmente Josefa Echevarría tenía un mandato alternativo.

El artículo 1612 del Código Civil (1601 de la edición de 1930) provee:

"En mandato puede ser expreso o tácito.

"El expreso puede darse por instrumento público o privado y aun de palabra.

"La aceptación puede ser también expresa o tácita, deducida esta última de los actos del mandatario."

En seguida se hace evidente que el mandato de Josefa Echevarría era expreso. Que ella lo aceptó quedó probado por el primer testamento otorgado a favor de sus sobrinos, hijos de Miguel Echevarría. Aparentemente, como se trataba de un asunto de familia, todo el mundo entendió lo que debía hacerse, y los hechos que figuran en la demanda no están en forma alguna controvertidos, especialmente el hecho de que Josefa Echevarría y Frances Laloma tenían conocimiento de los términos del contrato de mandato.

El artículo 1616 del Código Civil (1605 de la edición de 1930) dispone lo que sigue:

"El mandatario no puede traspasar los límites del mandato."

Da fuerza al criterio de que este caso puede ser resuelto bajo el principio de mandato el hecho de que no podamos suponernos que una condición de esta índole pudiera quedar sin remedio en tiempos de España, de haber ocurrido entonces hechos similares.

Frances Laloma pudo haber creído que ella tenía una especie de reclamación u otra justificación para actuar en la forma en que lo hizo, mas no tenía reclamación alguna, ni se sugiere ninguna, contra Carmen Fernández. No importa que la escritura se otorgara e inscribiera a favor de Josefa Echevarría sin estar sujeta a condición alguna. Podría imaginarse cualquier número de casos en que un mandatario en quien su mandante confía ciegamente, recibe el título de una finca a su nombre, por ser más conveniente para todos que así ocurra. En el Código Civil se prohíbe que el mandatario adquiera los bienes de su mandante, mas este principio cede ante el pacto del mandante y del mandatario de que así se haga. *Modus et conventio vincunt legem.*

A nuestro juicio, nada hay que demuestre que se defraudara a los acreedores de Echevarría. No creemos que Echevarría hubiera tenido una causa de acción. Mas indudablemente la demandante sí la tiene. No se ha demostrado que ella tuviera acreedores, y, conforme dice la misma demandada, "la buena fe debe presumirse."

La demandada apelante insiste en que ella es un tercero por ser heredera y no tener conocimiento de los hechos del convenio ni haber sido parte en el mismo. Ella parece olvidar que en la demanda se alega que "la demandada tiene conocimiento del hecho de que la referida Josefa Echevarría Navarro nunca fué la verdadera dueña de la descrita finca, nunca entró en posesión de la misma, nunca tuvo interés alguno en dicha propiedad, nunca invirtió suma alguna ni percibió renta o suma por el uso de la misma y que solamente retenía el título de dicha finca con el fin y objeto antes alegado."

Si ella sabía que su causante sólo retenía el título de la propiedad para el objeto y fin mencionados, entonces ella tenía conocimiento del mandato y su argumento es frívolo. Además, ella no era un tercero por ser heredera y no adquirió a título oneroso.

■ No estamos ante un pleito para rescindir o anular un contrato. Por el contrario, la corte inferior declaró válido el contrato como un fideicomiso resultante.

Mas como acción para recobrar la finca, la misma no ha prescrito. Según los hechos alegados en la demanda, Josefa Echevarría Navarro falleció el 13 de junio de 1934 sin haber traspasado el título a la demandante, a pesar de habérsele requerido para ello. (Demanda, párr. 14, legajo de sentencia, pág. 4.) Y ella otorgó un nuevo testamento el 20 de febrero de 1932 "sin el consentimiento o conocimiento de la demandante", y la demandante sólo supo de este hecho el 21 de mayo de 1935. La demanda está fechada el 23 y fué presentada el 24 de dicho mes y año.

En *McCormick* v. *González Martínez et al.*, 49 D.P.R. 473, este Tribunal Supremo resolvió que un caso de esta naturaleza está regulado por el artículo 1864 del Código Civil. Prescribe después de los quince años.

■ Los argumentos de la apelante en cuanto a impedimento *(estoppel)* son los ya discutidos. Nada hay que demuestre que hubiera una causa ilícita en el pacto original. Si la hubo, nada hay que revele que la demandante fuera la parte culpable. Por el contrario, ella aparece prestando una suma de dinero, sin intereses, sin término fijo de vencimiento y con una garantía leve: su confianza en la causante de la demandada. La tenedora del título quebrantó la confianza en ella depositada. No vemos razón válida alguna por la cual la demandante no deba recobrar o por qué la demandada deba enriquecerse injustificadamente.

■ La contención de la apelante de que la demandante está impedida de instruir este recurso porque si el contrato fué fraudulento, ella está *in pari delicto,* carece de mérito. El contrato no se celebró para defraudar al vendedor de la casa, puesto que a él se le pagó; ni para defraudar a los acreedores de Echevarría, ya que él no tenía "equidad" en la finca y nunca adquirió ninguna; y ciertamente tampoco para defraudar a Echevarría, a Josefa Echevarría o a Car-

men Fernández. El contrato resultó en la tentativa por parte de Josefa Echevarría de retener la propiedad que sus mandantes le habían confiado; pero las máximas *in pari delicto potior est conditio defendentis* y *ex dolo malo non oritur actio,* no son aplicables a este caso. Conforme dijimos en *Saavedra* v. *Saavedra,* 46 D.P.R. 232:

"Las máximas a que nos hemos referido pueden aplicarse mejor a casos en que la transacción inmediata entre las partes era fraudulenta, y no a algún resultado colateral."

En cuanto a las costas, no creemos que debemos intervenir con la discreción de la corte inferior.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. De Jesús no intervino.