DOLORES GARCÍA, demandante y apelante, *v.* SOFÍA REXACH VIUDA DE REXACH, demandada y apelada.

Núm. 9142.—*Sometido:* Noviembre 7, 1945. *Resuelto:* Diciembre 19, 1945.

---

[4] Ley Hipotecaria, art. 388A(b).

*Harry M. Besosa* y *J. Pérez Almiroty,* abogados de la apelante; *Héctor González Blanes,* abogado de la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

José E. Rexach, estando casado con la demandada Sofía Rexach, llevó relaciones ilícitas con la demandante. En el curso de esas relaciones allá para el año 1932, Rexach entregó a la demandante un sobre lacrado el cual contenía un documento aparentemente suscrito y firmado por él, que dice así:

"En la ciudad de San Juan, Puerto Rico. Hoy fecha agosto catorce de mil novecientos treinta y dos escribo de mi puño y letra esta disposición testamentaria que deposito bajo la custodia del abogado notario Luis Sánchez Vahamonde para ser abierto después de mi muerte.

"Por esta voluntad declaro que lego a Dolores García Añé la cantidad de diez mil pesos oro americano cuya suma le será satisfecha con el importe de una póliza de seguro por la cantidad de diez mil pesos que tengo en la Jefferson Standard Life no afecta a responsabilidad alguna.

"Y es mi voluntad que mis legítimos herederos cumplan esta obligación que les dejo sin examinar los motivos que la ocasionan.

"Agosto catorce de mil novecientos treinta y dos.

"Firmado

"José A. Rexach

"fechado 14 agosto 1932
     "enmendado catorce vale."

Al entregar a la demandante el sobre lacrado Rexach le dijo que lo entregase a un abogado quince o veinte días después de su muerte y que tendrían que darle a ella lo que decía el documento. Posteriormente, el 30 de enero de 1943, Rexach otorgó un testamento abierto el cual, entre otras disposiciones, contenía la siguiente:

"Quinto: Por el presente revoco todo testamento anterior, especialmente el otorgado ante el Notario don Rafael Palacios Rodríguez en diez y siete de julio de mil novecientos veinte y ocho y el de fecha primero de julio del año mil novecientos cuarenta otorgado ante el notario, Luis Sánchez Vahamonde."

Rexach falleció el 10 de febrero de 1944 bajo el testamento de 30 de enero de 1943 y la demandante, quien había conservado el sobre, siguiendo las instrucciones de Rexach, lo entregó al abogado Hipólito Marcano, quien lo abrió y extrajo el alegado testamento el cual no ha sido protocolizado.

Basándose en el referido documento la demandante instó este pleito contra la demandada, la viuda de Rexach, la cual había cobrado dos pólizas por $10,000 cada una expedidas por la Jefferson Standard Life sobre la vida de José R. Rexach, en las cuales figuraba la demandada como beneficiaria. Bajo la teoría de que el documento de 14 de agosto de 1932 es un testamento ológrafo y que la disposición que el mismo contiene a favor de la demandante es un fideicomiso, en el cual la demandante es la fideicomisaria y la demandada la fiduciaria, la demandante instó este pleito en cobro de la cantidad de $10,000 importe de la póliza mencionada en el documento, con intereses y daños.

La corte inferior considerando el caso en sus méritos, llegó a la conclusión de que no existe el alegado fideicomiso y que aunque hubiera existido, quedó sin efecto por haberse constituído en un testamento que fué expresamente revocado, el cual, por no haber sido protocolizado, no era válido. De conformidad con esa conclusión dictó sentencia declarando sin lugar la demanda.

■■ Con arreglo al art. 835 del Código Civil, en un testamento puede constituirse un fideicomiso para tener efecto después de la muerte del fideicomitente.

Aparentemente(¹) el documento de 14 de agosto de 1932 cumple con todos los requisitos exigidos por el art. 637 del Código Civil(²) para la validez del testamento ológrafo, su-

---

(¹) Decimos "aparentemente" porque no habiendo sido protocolizado el supuesto testamento, no tenemos base legal para concluir que en realidad fué suscrito en su totalidad y firmado por Rexach.

(²) El artículo 637 del Código Civil dice así:

"El testamento ológrafo sólo podrá otorgarse por personas mayores de edad.

jeto desde luego, a que oportunamente se cumpla con el requisito de la protocolización requerido por el art. 639 del Código Civil.

Pero suponiendo la situación más favorable a la demandante, es decir, que la disposición contenida en el alegado testamento ológrafo constituya un fideicomiso y que la revocación del testamento no afecte la existencia del fideicomiso, aún así, nos confrontaremos con el escollo de que dicho testamento no es válido por no haber sido protocolizado. Código Civil, art. 639. No existiendo testamento válido no puede éste servir de vehículo para la constitución de un fideicomiso válido. Código Civil, art. 835. *Restatement, Trusts,* (1935) sección 53.

No podemos convenir con la apelante en que los hechos de este caso justifiquen la creación de un fideicomiso como hicimos en el caso de *Ruiz* v. *Ruiz,* 61 D.P.R. 823. En aquel caso un padre, confiando en la relación fiduciaria que existía entre él y su hija mayor, hizo figurar a nombre de ésta una finca que él había comprado para todos sus hijos, encargándole que al llegar sus hermanos a la mayoridad les diese la participación que les correspondía como si la finca figurase a nombre de todos por partes iguales. La hija aceptó el encargo de su padre, pero fallecido éste, al llegar sus hermanos a la mayoridad y reclamar sus respectivas participaciones, rehusó ella dárselas, alegando que la finca era de su exclusiva propiedad.

Como se verá, en el caso de *Ruiz* v. *Ruiz,* supra, el padre, confiado en la promesa que le hiciera su hija de cumplir la encomienda a que hemos hecho referencia, hizo figurar la finca a nombre de ella. Permitirle luego que abusando de la confianza en ella depositada la hija defraudase a sus hermanos, equivaldría a permitirle que se enriqueciera in-

---

"Para que sea válido este testamento, deberá estar escrito todo y firmado por el testador, con expresión del año, mes y día en que se otorgue.

"Si contuviere palabras tachadas, enmendadas o entre renglones, las salvará el testador bajo su firma."

justamente a costa de ellos y para evitar ese injusto enriquecimiento fué necesario crear el fideicomiso.

En el caso que nos ocupa, por el contrario, Rexach, al designar a la demandada beneficiaria de las pólizas, no lo hizo confiado en promesa alguna por parte de ella de entregar a la demandante el producto de una de las pólizas. En otras palabras, la demandada, al retener el importe de las dos pólizas, no actuó engañosamente, y por consiguiente no surge en este caso el enriquecimiento injusto para evitar lo cual se crea el fideicomiso.

*Procede, por lo expuesto, confirmar la sentencia apelada.*