AGUSTÍN BLANCO, ANA MARÍA CESTERO, y ANA MARÍA y MARÍA TERESA BLANCO CESTERO, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, recurrido.

Núm. 1257.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Noviembre 28, 1949.

*Gabriel de la Haba,* abogado de los recurrentes; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

El presente recurso es secuela del que bajo el mismo título fué objeto de la opinión emitida por este Tribunal con fecha 24 de mayo de 1949, en el caso de *Blanco* v. *Registrador,* ante, pág. 17. Allí se presentó al Registrador de la Propiedad de San Juan una escritura de renta vitalicia a virtud de la cual Agustín Blanco Géigel y su esposa Ana María Cestero Padilla transfirieron a favor de Ana María y María Teresa Blanco Cestero una casa y solar de su propiedad valorados en $12,000 en consideración a una renta vitalicia que por la suma de $600 anuales estas últimas se obligaron a pasar a los trasmitentes mientras sobreviviera cualquiera de ellos. Presentada dicha escritura al registro, la inscripción de la misma fué denegada por entender el registrador que la operación verificada bajo el nombre de renta vitalicia constituía una donación o en todo caso una venta por precio inferior a su justo valor, según se desprendía de

la propia escritura y de las disposiciones de la Ley núm. 99 de 1925, (pág. 791), conforme ha sido enmendada posteriormente, y porque habiéndose notificado lo anterior al notario autorizante éste solicitó se denegara la inscripción, y se negó al propio tiempo a producir el certificado expedido por el Tesorero de Puerto Rico acreditativo del pago de la contribución correspondiente o de la exención contributiva en su caso. Al resolver ese recurso, dijimos entre otras cosas, lo siguiente:

"Convenimos con los recurrentes en que un contrato de renta vitalicia es aleatorio y que su valor al cesionario es incierto, ya que no puede precisar el período durante el cual ha de pagar la renta. Y si la renta vitalicia es mayor que el valor en alquiler de la propiedad transferida a cambio de dicha renta, la transacción podría resultar en pérdida más bien que en ganancia para los deudores, si el transmitente vive mucho tiempo. Bajo dichas circunstancias, podría sostenerse con alguna fuerza que un contrato de renta vitalicia de esta naturaleza, de su faz no cae dentro de la definición de 'donación' que se halla en la sección 1(a) de la Ley núm. 303.

"Pero aquí la escritura dice que la casa y solar, radicados en un área urbana, están valorados en $12,000, mientras que la renta vitalicia es solamente de $600 anuales, o sea un 5 por ciento al año del valor de la propiedad. Dicha suma, por lo menos a nuestros fines, es prima facie menor que el valor en alquiler de los bienes. Cf. Ley núm. 5, Leyes de Puerto Rico, 1933, Sesión Extraordinaria (pág. 27), que dispone que el 6 por ciento constituye el tipo legal de interés y que dispone asimismo que el 8 por ciento puede cobrarse mediante convenio especial en préstamos en exceso de $3,000. Por tanto, si bien los deudores podrían estar recibiendo menos que lo anticipado si los transmitentes viven más de lo que se espera, al otorgarse la escritura aparentemente recibieron propiedad por menos de su justo valor. Es decir, siempre y cuando que la renta vitalicia sea inferior al rédito que pueda producir el valor de la cosa transferida, aquél que recibe propiedad sujeta al pago de una renta vitalicia, no puede alegar que nada de valor recibió, simplemente porque existe la posibilidad de que el perceptor de la renta vitalicia pueda vivir más de lo que se esperaba.

"* &ast; &ast; &ast; &ast; &ast; &ast;

"Los recurrentes acertadamente sostienen que no es la función del Registrador determinar el valor de bienes inmuebles. Pero aquí el Registrador no trata de fijar el valor de la casa y solar. Está aceptando la cifra de $12,000 que se hizo constar en la escritura como el valor de la propiedad; pero cumple con el deber impuéstole por la sección 12 de la Ley núm. 99 de 1925, según fué enmendada por la sección 2 de la Ley núm. 189 de 1948, cual es negarse a inscribir una escritura a menos que venga acompañada de un certificado del Tesorero, cuando de la faz de la escritura surge que aparentemente se hizo un traspaso de bienes inmuebles por menos del justo valor."

Con posterioridad a dicha opinión los contratantes otorgaron una nueva escritura sobre "Modificación de Contrato de Renta Vitalicia". En ella ratifican las condiciones principales del contrato ya celebrado, repiten que el valor de la casa y el solar es de $12,000 y hacen constar que la misma está alquilada por una renta mensual de $75, la que después de descontarse el pago de contribuciones, mantenimiento y depreciación deja un ingreso neto mensual de sólo $60; que las constituyentes son hijas de los transmitentes; que aquéllas se obligan a pasar a éstos una renta vitalicia de $960 anuales mientras viva cualquiera de ellos y que la renta así modificada tendrá efecto retroactivo, habiéndose pagado la diferencia en la misma a partir del día del otorgamiento de la escritura original.

Presentada esta nueva escritura al Registro, su inscripción fué denegada "por resultar que de la modificación del contrato de renta vitalicia consignada en la escritura veinte y cuatro de 7 de junio del año actual ante el notario Gabriel de la Haba que se acompaña como complementaria al contrato principal, aparece más claramente aún que en este último contrato que la propiedad objeto de inscripción se traspasa por menos de su justo valor de acuerdo con lo que disponen las Leyes número 303 de 1946, tal como quedó enmendada por la número 432 de 1947, y la número 189 de 1948 y el caso de *Blanco* v. *Registrador* de 24 de mayo de 1949 . . ."

Una vez más han acudido los contratantes a este Tribunal con el recurso concedídoles por la Ley de marzo 1 de 1902, pág. 313, Estatutos Revisados de 1911, secciones 2180 *et seq.* (pág. 450).

El artículo 12 de la Ley 99 de 29 de agosto de 1925 (pág. 791), según quedó enmendado por la núm. 189 de 13 de mayo de 1948 (págs. 527, 529) dispone que "Ningún Registrador inscribirá en el Registro a su cargo donación inter-vivos alguna a menos de haberse presentado el recibo expedido por el Tesorero de Puerto Rico, acreditativo del pago de la contribución sobre dicha donación." Por otra parte, la sección 1ra. de la Ley 303 de 12 de abril de 1946 (pág. 783) enmendatoria de la Ley 99 de 1925, supra, provee, entre otras cosas, en su sección 1ra. que "Cuando una propiedad se transfiere por menos de su justo valor, bien por dinero, su equivalente en dinero o mediante permuta, . . . se considerará una donación. . . " Así, pues, la única cuestión a ser resuelta en este recurso nuevamente es si el contrato celebrado por Agustín Blanco Géigel y esposa y sus dos hijas, tal cual el mismo ha quedado modificado por la escritura núm. 24 de 7 de junio de 1949, ya reseñada, constituye una donación a tenor de la enmienda de 1946, supra, y, por ende, si el Registrador estuvo o no en lo cierto al negarse a inscribir a menos que se le presentara un recibo expedido por el Tesorero acreditativo del pago de la contribución.

En la escritura originalmente otorgada se hizo constar que el precio del inmueble trasmitido era $12,000 y que la renta vitalicia que las constituyentes se comprometían a pagar a los transmitentes era de $600 anuales. En la escritura aclaratoria el valor de la propiedad trasmitido sigue siendo el mismo y la renta vitalicia se ha aumentado a $960 al año. A la luz del contexto de nuestra opinión original somos ahora del criterio de que el Registrador ha debido efectuar la inscripción solicitada, por las razones que pasamos a exponer en seguida:

El valor en alquiler de la propiedad es el de $75 mensuales, cantidad que según los términos de la propia escritura, después de ciertos descuentos que se mencionan deja un ingreso neto mensual de $60. Siendo la renta vitalicia a ser pagada la suma anual de $960, que equivale a un canon mensual de $80, es incuestionable que la misma es mayor que el alquiler de la propiedad transferida. Además, si el valor de la casa es $12,000 y la renta a ser pagada es de $960 el rédito a producirse por la cosa transferida no es inferior al autorizado por la ley. Cf. Ley 5 de 17 de agosto de 1933, Ses. Ext., pág. 27.

Sostiene, sin embargo, el Registrador en su alegato entre otras que como la renta neta producida en alquiler por la propiedad es de $60 mensuales y la renta vitalicia que las deudoras se comprometen a pagar a los transmitentes es de $80, aquéllas en realidad solamente están pagando una renta de $240 al año y que si se multiplica esa suma por veinte años de probable vida del más joven perceptor de la renta tendríamos un total de $4,800, que es en realidad lo que se estaría pagando por la finca, y que teniendo la propiedad un valor de $12,000 resulta meridianamente claro de los mismos cálculos de los recurrentes que están pagando $7,200 menos del valor de la propiedad, constituyendo todo ello a su juicio una donación. No estamos conformes. La ley en lo atinente a la cuestión envuelta meramente provee que cuando una propiedad se transfiere por menos de su justo valor se considerará que la enajenación constituye una donación y que en tal caso el Registrador no inscribirá la misma a menos de haberse presentado el recibo correspondiente expedido por el Tesorero. Empero, de nuestra opinión original se desprende que la norma (test) a ser seguida en casos de esta naturaleza es más bien si la renta vitalicia es el equivalente del rédito producido por el valor de la propiedad. De serlo, la transacción no constituye una donación. Siendo en este caso la renta vitalicia a ser pagada igual al tipo de intereses

fijado por la ley, no es posible decir que la trasmisión del inmueble se está realizando por menos de su justo valor.

Desde luego, la conclusión a que aquí llegamos no significa que si tras una investigación el Tesorero de Puerto Rico llega a la conclusión de que la propiedad se ha transferido por menos de su justo valor, no pueda él imponer y cobrar la contribución fijada por la ley. Ésa es por supuesto cuestión que sería dirimida en procedimiento independiente. De momento sólo estamos resolviendo el recurso a la luz de lo que aparece de la faz del documento presentado para su inscripción.

*Debe revocarse la nota recurrida y efectuarse la inscripción solicitada.*