The Federal Land Bank of Baltimore, Sucursal de Puerto Rico, recurrente, *v.* El Registrador de la Propiedad de Utuado, recurrido.

Núm. 1261.—*Sometido:* Enero 9, 1950. *Resuelto:* Marzo 9, 1950.

*Frank Martínez* y *Sergio G. Gelpí,* abogados del recurrente; El Registrador recurrido compareció por escrito.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

En la escritura pública sobre liberación parcial de hipoteca otorgada el 4 de agosto de 1949 ante el notario Sebastián García Díaz, The Federal Land Bank of Baltimore, Sucursal de Puerto Rico, representado por su apoderado Sr. Frank Martínez, hizo constar lo siguiente:

"Primero: Que por escritura número Ciento cuarenta y ocho, otorgada en Ponce, Puerto Rico, el día diez y seis de noviembre del mil novecientos veinticinco, ante el notario Don José Tous Soto, y a fin de garantizar un pagaré hipotecario por la cantidad de ocho mil quinientos dólares de principal, más mil doscientos setenta y cinco dólares para intereses y quinientos dólares para costas, gastos y honorarios de abogado en caso de reclamación judicial, Don Ramón Lugo Arce, constituyó hipoteca voluntaria a favor de The Federal Land Bank of Baltimore, sobre la siguiente finca de su propiedad y otras: . . ." (Se describe la finca.)

"Segundo: Que The Federal Land Bank of Baltimore aquí compareciente, desea liberar de la antes mencionada hipoteca. la finca descrita en el hecho Primero anterior.

"Y el compareciente, para llevar a efecto la dicha liberación, otorga:

"Cláusula Única:—The Federal Land Bank of Baltimore, representado por su apoderado aquí compareciente, procede a cancelar y cancela graciosamente el gravamen hipotecario a que hace referencia el hecho Primero anterior de esta escritura, en cuanto a la finca descrita asimismo en el hecho Primero anterior, queriendo y consintiendo en que la referida finca quede libre de dicho gravamen y presta su consentimiento para que esta liberación se inscriba en el registro de la propiedad correspondiente, y yo el notario doy fe de que (sic) haberme el compareciente mostrado en la representación que ostenta, el pagaré a que se hace referencia en el hecho Primero expositivo de esta escritura, del cual pagaré es la actual tenedora y poseedora, la corporación aquí compareciente."

Presentada esta escritura en el Registro de la Propiedad de Utuado para su inscripción, el registrador la denegó a virtud de la siguiente nota:

"DENEGADA la inscripción de la cancelación a que se refiere el precedente documento por el defecto siguiente: que siendo la cancelación un acto de enajenación, y llevándose a cabo la misma graciosamente, es decir sin mediar pago alguno por el deudor, lo que equivale hacer a éste una donación, no se acredita que tal donación haya sido declarada exenta del pago de la contribución que determina la Ley número 303 de 1946, tal como se haya (sic) enmendada, ni que tal contribución haya sido satisfecha, y se toma en su lugar anotación preventiva por el término legal de 120 días al folio 43 del tomo 101 de Adjuntas, finca Núm. 3350 Duplicado, anotación letra 'A', en la que se consignó además el defecto subsanable, de no aparecer de dicho documento, que el Notario que lo autoriza, a quien se mostró el pagaré que garantiza la. hipoteca, hubiera puesto nota alguna en ese pagaré, de tal cancelación o liberación parcial. Véase Ley núm. 303 de 1946, según quedó enmendada, por la núm. 432 de 1947, y por la núm. 189, de 1948; Opinión de la Corte Suprema de Puerto Rico, en el Recurso Gubernativo 1,241, establecido por Agustín Blanco Géigel et al. contra el Registrador de la Propiedad de San Juan, emitida el 24 de mayo de 1949; Artículo 82, Ley Hipotecaria, apartado cuarto, según fué enmendado por la Ley núm. 22 de 1923. . . ."

Para revisar esta nota se interpuso el presente recurso gubernativo.

Sostiene el banco recurrente que no existe en este caso donación de clase alguna sujeta a tributación, ya que lo único que ha hecho es cancelar una de las varias garantías al préstamo que tiene a su favor, y que el Sr. Lugo Arce le sigue adeudando la misma cantidad que, antes de otorgarse la escritura, le adeudaba.

Arguye, por su parte, el Registrador recurrido, que no aparece de la escritura que el Federal Land Bank tuviera suficiente garantía, una vez liberada la finca en cuestión, para el cobro de la deuda principal y que, de ser ése el motivo de la liberación y se hubiera hecho constar expresamente en la escritura, él no hubiera denegado la inscripción de la cancelación. Sostiene además que la liberación graciosa de la finca, como una de las garantías hipotecarias de la deuda, constituye una cancelación parcial de dicha garantía equivalente a una donación.

No estamos de acuerdo con el recurrido. Admitiendo éste que a virtud de la enmienda introducida al artículo 119 de la Ley Hipotecaria por la Ley núm. 62 de 21 de julio de 1923 ((1) pág. 407), en las hipotecas constituídas a favor del Federal Land Bank no se distribuye la responsabilidad aunque sean gravadas varias fincas, sino que cada una responde de la totalidad del préstamo, es obvio que al liberarse una de las fincas en este caso como garantía, no pudo tener el efecto de constituir una donación.

Si el Banco tenía a su favor hipotecas sobre varias fincas para garantizar la deuda contraída por el Sr. Lugo Arce y, sin cancelar o condonar parte alguna de dicha deuda, se limita a liberar como garantía una de las fincas hipotecadas, es forzoso concluir, sin que fuera necesario decirlo expresamente en la escritura, que el Banco considera que las demás fincas hipotecadas constituyen suficiente garantía de su cré-

dito. De no haber sido así el Banco no hubiera hecho tal liberación. Nada hay en el lenguaje usado en la escritura que pueda interpretarse en el sentido de que fué la intención del Banco donarle a su deudor parte del préstamo que le hizo en el año 1925. La deuda subsiste en su integridad. Cualquier beneficio recibido por el deudor al tener ahora una de sus fincas libre de gravamen no cae dentro del concepto de una donación sujeta al pago de contribución bajo la sección 1(a) de la Ley núm. 303 aprobada el 12 de abril de 1946, según enmendada en cuanto a otras secciones por la núm. 432 de 1947 y la núm. 189 de 1948, que dispone:

"El término 'donación' incluye la donación puramente graciosa, la onerosa y la remuneratoria, según las define el Código Civil de Puerto Rico.

"Cuando una propiedad se transfiere por menos de su justo valor, bien por dinero, su equivalente en dinero o mediante permuta, el exceso del justo valor de dicha propiedad sobre el valor del dinero, del equivalente en dinero o de la cosa por el cual o por la cual se transfiere dicha propiedad, se considerará una donación y se incluirá al computar el total de las donaciones hechas durante el año.

"También es donación la transferencia expresada en el párrafo anterior de esta sección cuando dicha transferencia se hace mediante el cumplimiento o la liquidación por una parte de la responsabilidad u obligación de una segunda parte para con una tercera, o por cualquier otro medio.

"Donación también incluye la condonación total o parcial de una deuda u otra obligación.

"También es donación el montante de cualquier póliza ordinaria de vida o dotal cuando la persona que paga las primas sobre dicha póliza no es la misma que recibe el producto de la póliza cuando ésta se liquida.

"Donación incluye también cualquier transferencia en fideicomiso (trust).

"La donación será tal tanto cuando se hace en forma directa como indirecta.

"También es donación toda transferencia que se haga por herencia, por testamento o ab-intestato.

"No se considerarán donaciones (1) los créditos incobrables, (2) la cancelación de deudas incobrables y (3) los premios de loterías pagados al comprador del billete."

El caso de *Blanco* v. *Registrador,* 70 D.P.R. 17, citado por el recurrido, no es autoridad para sostener su contención. La Corte se limitó a resolver en dicho caso que, bajo ciertas circunstancias, un contrato de renta vitalicia podría considerarse como que transfiere una propiedad por menos de su justo valor y constituir así una donación bajo la sección 1(*a*), supra. Desaparecidas dichas circunstancias resolvimos en *Blanco* v. *Registrador,* 70 D.P.R. 587, que otro contrato de renta vitalicia no constituía una donación. Empero, ni bajo las disposiciones del artículo 560 del Código Civil ni bajo la sección 1(*a*), supra, puede sostenerse que la liberación parcial de una garantía hipotecaria pueda constituir una donación. Como hemos dicho, el Sr. Lugo Arce continúa adeudando al Banco la misma suma que adeudaba antes de otorgar la escritura núm. 221. El pagaré original no ha sido cancelado en forma alguna y lo único que ha hecho el Banco es aceptar una garantía menor a la que antes tenía.

En cuanto al defecto subsanable consignado por el recurrido por el hecho de no haber el notario hecho constar en el pagaré la liberación de la finca como garantía hipotecaria, en el caso de *Autoridad de Fuentes Fluviales* v. *Registrador,* 62 D.P.R. 753, resolvimos que no tratándose en casos de esta naturaleza de una cancelación total o parcial de la obligación, no es aplicable el artículo 82 de la Ley Hipotecaria citado por el recurrido en su nota, y que bastaba que al notario otorgante de la escritura de liberación se le muestre el pagaré para que pueda dar fe de que el Banco es el tenedor del mismo.

*Debe revocarse la nota recurrida y ordenarse la inscripción de la cancelación solicitada.*