ANA LUCÍA ANTONGIORGI BOAGNA, recurrente, v. EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

Número 1316.
*Sometido:* 2 de mayo de 1955. *Resuelto:* 23 de mayo de 1955.

*Luis López de Victoria,* abogado de la recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Doña Lucía Boagna Rafaelli otorgó testamento abierto en 6 de diciembre de 1933. En dicho testamento legó a su hija Ana Lucía Antongiorgi Boagna una casa marcada con el núm. 28 en la calle Comercio de Yauco. La testadora falleció en marzo de 1934 y más tarde fué presentada en el Registro de la Propiedad de San Germán la escritura de testamento, acompañada del recibo de contribución de herencia y de otros documentos complementarios con el objeto de que la citada casa fuera inscrita a nombre de la legataria. El Registrador denegó la inscripción solicitada mediante la siguiente nota:

"Denegada la inscripción del documento que precede, que es la escritura de testamento núm. 75, otorgada en Ponce, a 6 de diciembre de 1933 ante el Notario Benigno Fernández García, en cuanto a la finca letra B, que es una casa en la calle Comercio de Yauco, núm. 28 de orden, donada a Ana Lucía Antongiorgi Boagna, por observar que según el recibo de contribución de herencia acompañado sólo consta informado un condominio por una mitad de dicha finca, sobre cuya base se ha fijado y cobrado la correspondiente contribución y no sobre la totalidad de la misma de que se ha interesado inscripción, tomando en su lugar anotación preventiva por el término legal de 120 días a favor de Ana Lucía Antongiorgi Boagna de su expresado derecho de legado, al folio 110v del tomo 102 de Yauco, finca núm. 68 duplicado, anotación letra C."

La recurrente solicita en este recurso que revoquemos la expresada nota porque a su juicio el Registrador erró "al considerar, en la calificación de los documentos, las bases que tomó el Tesorero de Puerto Rico para imponer y cobrar la contribución de herencia".

■■ No tiene razón. El art. 12 de la Ley núm. 99 de 29 de agosto de 1925 (pág. 791), según fué enmendado por la Ley núm. 20 de 27 de abril de 1933 (Leyes de 1932-33, pág. 233) en vigor a la fecha del fallecimiento de la testadora, disponía que ". . . ningún registrador inscribirá en ningún registro a su cargo, instrumento alguno . . . . en relación con la división, distribución o entrega de dichos bienes [de un finado] a menos de haberse presentado el recibo o recibos expedidos por el Tesorero; . . . ." (Corchetes nuestros.) En *Noguera* v. *Registrador*, 72 D.P.R. 195, dijimos que este precepto de ley[1] es obligatorio para los registradores "y al presentarse para su inscripción cualquier documento a virtud del cual se dividan, distribuyan o entreguen bienes de una persona fallecida es el deber de ellos, antes de proceder a la inscripción del mismo, cerciorarse de que el recibo acreditativo del pago de la contribución de herencia expedido por el Tesorero de Puerto Rico ha sido acompañado, o de que en defecto del recibo se ha presentado un certificado demostrativo de que la propiedad objeto de la inscripción solicitada está exenta del pago de la contribución de herencia". Convenimos con el Registrador recurrido en que su facultad calificadora se extiende a determinar, con vista del recibo o recibos que se le presenten, si se ha pagado o no la contribución de herencia o si dicha herencia está exenta del pago de tal contribución.

El recibo de contribución de herencia[2] presentado al Registrador en este caso acredita el pago de la contribución

---

[1] Aunque en aquel caso hacíamos referencia al art. 12 según fué enmendado por la Ley núm. 189 de 1948 ((1) pág. 527), la prohibición impuesta al Registrador no fué alterada.

[2] Dicho recibo lee, en parte:

"Por la presente se hace constar que doña Eugenia Antongiorgi Boagna, Administrador, Albacea o Encargado en la herencia por fallecimiento de doña Lucía Boagna y Rafaelli ha pagado a 'El Pueblo de Puerto Rico' la cantidad de ochocientos ochentiocho dólares con ochenta centavos *importe total de la contribución de herencia* repartida a las diferentes participaciones de dicha herencia, siendo los partícipes y las cantidades parciales satisfechas como sigue:—María Antonia conocida por Antonia Antongiorgi Boagna—*172.96*—Ana Lucía conocida por Lucía o Lulú Antongiorgi

de herencia sobre un condominio de una mitad en la propiedad que se interesa inscribir en su totalidad. Resulta claro del propio recibo que no se ha pagado la contribución de herencia sobre el otro condominio ni se ha acreditado ante el Registrador que esté exento de dicho pago. Era deber del Registrador, obedeciendo al mandato expreso de la ley, denegar la inscripción solicitada.

*La nota recurrida será confirmada.*

Boagna—172.96—María Angelina conocida por María Antongiorgi Boagna ——172.96—Angelina conocida por América Antongiorgi Boagna—172.96 —Eugenia María conocida por Cheni o Sieni Antongiorgi Boagna—172.96 —Eulalia conocida por Lalí Antongiorgi Antongiorgi—exento—Eugenia Antongiorgi—exento—Aurea Antongiorgi—exento—Amalia Vega—24.00—Importe de las contribuciones $888.80—Total Pagado—Junio 27 de 1934— $888.80—La descripción y valor de los *bienes declarados como de la propiedad del causante en este caso, y que han sido considerados para la imposición de la contribución de herencia son los siguientes.*" (Bastardillas nuestras.) (Aquí sigue una relación de 20 condominios de una mitad cada uno de ellos en igual número de inmuebles, además, de una finca rústica y una casa y solar en Cayey.) La casa legada a la recurrente figura en el recibo así: "Un condominio de una mitad en una casa en solar del Mpio. en calle Comercio núm. 28, Yauco, $2,000.00."