FEDERICO DELGADO RODRÍGUEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

Número 1322.

*Sometido:* 1 de marzo de 1956. *Resuelto:* 28 de marzo de 1956.

*Joaquín Velilla,* abogado del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

El 12 de mayo de 1954 el National City Bank of New York, dueño de dos fincas inscritas en los Registros de la Propiedad de Guayama y de Caguas, respectivamente, otorgó escritura pública ante notario público vendiéndole dichas fincas a Juan Santiago Rosado por las sumas de $3,000 y $7,000, respectivamente. El 17 de mayo de 1954 Rosado y Federico Delgado Rodríguez otorgaron una escritura pública por la cual Rosado traspasó a Delgado las referidas dos fincas. Esta escritura decía que "por motivos personales suyos que prescinden consignar en este documento público", Delgado solicitó de Rosado que adquiriera para él las dos fincas; que el 30 de abril de 1954, Delgado le entregó un cheque personal suyo, certificado, por la suma de $10,000 para este fin; que Rosado compró al banco dichas fincas con el dinero perteneciente a Delgado y para beneficio de éste; y que Rosado, que interesaba ahora "investir a sus verdaderos dueños con el título de propiedad" sobre dichos inmuebles, así lo hacía mediante esta escritura.

Las dos escrituras fueron presentadas para inscripción ante los Registradores de la Propiedad de Guayama y de Caguas. Este último inscribió ambas escrituras en tanto en cuanto se referían a la finca ubicada en su distrito. El Registrador de Guayama inscribió la primera escritura por la cual el banco le vendió la finca radicada en su distrito a Rosado, pero se negó a inscribir la segunda escritura otorgada por Rosado a favor de Delgado. Este último ha interpuesto el presente recurso gubernativo para revisar la decisión del Registrador.

El Registrador se negó a inscribir la escritura traspasando las fincas a Delgado por dos motivos: (1) Delgado no presentó el recibo del Secretario de Hacienda al efecto de que la contribución sobre donaciones se había pagado, o de que la transacción estaba exenta del pago de la misma. (2) El con-

42

venio entre Rosado y Delgado infringía las disposiciones del Código Civil en dos aspectos, es decir, (*a*) no cumplía con los arts. 836 y 838 del Código Civil, ed. de 1930, 31 L.P.R.A. secs. 2543 y 2545, que disponen que un fideicomiso sobre bienes inmuebles debe constituirse por escritura pública e inscribirse en el Registro; y (*b*) violaba el art. 844 del Código Civil, 31 L.P.R.A. sec. 2551, que prohibe los fideicomisos secretos.    Véase *Descartes, Tes.* v. *Tribunal de Contribuciones y Arbona*, 73 D.P.R. 481, 483.

■■ Ninguno de los motivos expuestos por el Registrador justificaba su negativa a inscribir la escritura otorgada por Rosado traspasándole a Delgado la finca radicada en Guayama.    Si de la faz de una escritura aparece el traspaso de bienes inmuebles por menos de su justo valor, el Registrador viene obligado a denegar la inscripción de la escritura, a no ser que se acompañe a ésta la certificación del Secretario de Hacienda al efecto de que la contribución sobre donaciones ha sido pagada o de que la transacción está exenta de dicho pago.    13 L.P.R.A. secs. 881, 901; *Blanco* v. *Registrador*, 70 D.P.R. 17.    Pero si las disposiciones que aparecen de la faz de la escritura demuestran que la misma no envuelve una donación, el Registrador no puede exigir tal certificación como condición para inscribirla.    *Blanco* v. *Registrador*, 70 D.P.R. 587; *Antongiorgi* v. *Registrador*, 78 D.P.R. 346, (1955).    Aquí la escritura otorgada por Rosado a favor de Delgado demuestra de su faz que el primero ninguna donación hizo al segundo.    Por el contrario, la escritura establece que Delgado de hecho compró las fincas al banco por $10,000 usando a Rosado como testaferro para dicho fin.([1]) Aceptando estos hechos como ciertos, como debemos aceptarlos para los fines de este recurso, véase *Banco de Ponce* v. *Registrador*, 72 D.P.R. 128, no encontramos base alguna para

---

([1]) El cheque certificado que el Registrador tuvo ante sí y que Delgado expidió a nombre de Rosado el 30 de abril de 1954, por $10,000, era evidencia en apoyo de las manifestaciones de la escritura en cuanto a la naturaleza de esta transacción.

exigirle a Delgado que presente una certificación del Secretario de Hacienda en cuanto a la contribución sobre donaciones. *Cf. Noguera* v. *Registrador,* 72 D.P.R. 195. (²)

El segundo motivo que tuvo el Registrador para negarse a inscribir la escritura fué en efecto que aquí se tuvo la intención de crear un fideicomiso en violación de las disposiciones de los arts. 836 y 838 del Código Civil al efecto de que el fideicomiso sólo puede constituirse por escritura pública inscrita y del art. 844 que prohibe los fideicomisos secretos. No vemos en qué forma las disposiciones del Código Civil con respecto a fideicomisos están envueltas en este caso. No nos detendremos a determinar cuál sería la situación legal si Rosado se hubiera negado a cumplir su compromiso de traspasarle las fincas a Delgado. *Cf. Ramírez* v. *Ramírez,* 65 D.P.R. 544; *García* v. *Rexach,* 65 D.P.R. 526; *Vélez* v. *Ramos,* 65 D.P.R. 778; *Freyre* v. *Blasini,* 68 D.P.R. 211; *Torres* v. *Roldán,* 67 D.P.R. 367; *Santiago* v. *Rodríguez,* 72 D.P.R. 266. En este caso, aceptando como cierto lo contenido en las dos escrituras, tenemos el caso de un agente que actuó para su principal a tenor con instrucciones de éste al obtener título para sí sobre bienes inmuebles comprados por el agente para su principal. Luego, y también de conformidad con los términos del mandato, traspasa los bienes a su principal. Véanse arts. 1600 *et seq.* del Código Civil, 31 L.P.R.A., secs. 4421 *et seq.; Fernández* v. *Laloma,* 56 D.P.R. 367, 378–9. No encontramos base para negarse a inscribir la escritura de Rosado a favor de Delgado debido a alguna de las disposiciones del Código Civil sobre fideicomisos.

*La nota del Registrador será revocada y se le ordenará que inscriba la escritura aquí envuelta.*

---

(²) Dijimos en *Blanco* v. *Registrador,* 70 D.P.R. 587, 592: "Desde luego, la conclusión a que aquí llegamos no significa que si tras una investigación el Tesorero de Puerto Rico llega a la conclusión de que la propiedad se ha transferido por menos de su justo valor, no pueda él imponer y cobrar la contribución fijada por la Ley. Ésa es por supuesto cuestión que sería dirimida en procedimiento independiente. *De momento sólo estamos resolviendo el recurso a la luz de lo que aparece de la faz del documento presentado para su inscripción."* (Bastardillas nuestras.)